WISER, an infant, by her next friends, *against* BLACH-
LY and others, executors of VAIL.

A petition for a *rehearing* ought to state the grounds on which the rehear-
ing is asked, to enable the Court to exercise its judgment as to the pro-
priety of granting the motion.
A *bill of review* is proper after a decree is enrolled, and a *supplemental bill,*
in nature of a bill of review, *before* the enrolment of the decree.
Instead of enrolments on parchment, as formerly used, the bill, answer,
pleadings, and orders, &c. in a cause, are annexed and filed, with a fair
engrossed copy of the final decree, in the *register's* office, after expira-
tion of 30 days from the time final decree is pronounced. (Act, 1 *N.
R. L.* 488.)
The party who asks for a bill of *review* must show that he has performed
the decree, especially as regards the payment of money, and that he
has paid the costs.
A *bill of review* must be, either for error in point of law apparent on the
face of the decree, or for some new matter of fact, relevant to the case,
discovered since publication passed, and which could not, with reason-
able diligence, have been discovered before.

PETITION by the three *executors* of *Vail,* defendants,    *June* 18th.
stating that they had been informed, within a few days, that,
in 1808, or 1809, a suit was brought, in the Supreme Court,
by *Thomas Brush,* and *Deborah* his wife, against *Moses
Blachly,* (defendant,) to recover moneys received to the use
of *D. Brush,* as administratrix of *George Wiser,* deceased.
That the subject matter of that suit was referred to three
arbitrators, two of whom, on the 8th of *July,* 1808, awarded
that *Blachly* should pay to *Brush* and his wife, 536 dollars
and 22 cents.   That the arbitrators included in their award
the amount received by *B.* on a note of *T. A. Woodhull,*
for 200 dollars, dated the 9th of *March,* *1805, and the    [ * 489 ]
amount received by *Blachly,* on a note of *E. Chadwick* and
*F. Averill,* for 395 dollars, dated the 29th of *November,*
1805.   That the petitioners had no knowledge of the arbi-
tration, until a few days ago.   That on the original hearing
of this cause,† it was decreed that a bond, executed by    † Vol. 1. p. 607.
*Blachly,* guardian of *Wiser* the plaintiff, and *P. Vail, jun.*    S. C.
as his surety, to the *People* was binding; and that *Blachly*
should be charged with the amount received by him on the
notes above mentioned, with liberty to him to show that the
amount of the note of 395 dollars was not received by him,
and could not, with all diligence, be collected.   That in taking
the account, under the decree, between the plaintiff and
*Blachly,* the latter has been charged with 187 dollars 37
cents, as received from *Woodhull,* with interest, and with 300

1817.

WISER
v.
BLACHLY.

dollars, as for principal and interest on the other note. That exceptions were taken to the report, which were overruled, and a final decree entered, as by default. That the articles received by *Blachly* for the second note, for 395 dollars, were sold by him for 100 dollars, being all the money he received. The petitioners stated, that they did not know nor believe that *Vail*, their testator, ever received any indemnity for being surety for *Blachly*. They prayed for leave to file a *bill of review*, or a *supplementary bill*, in the nature of one; and that the exceptions to the master's report, and the cause, may be *re-heard*, and that all proceedings, in the mean time, be stayed.

The petition was sworn to, and a certificate of two counsellors annexed, that they thought the prayer of the bill ought to be granted.

*Baldwin*, in support of the petition, cited 1 *Harr. Ch. Pr.* 137. 144, 145.

[ * 490 ]

*Riggs*, contra, cited *Ambler*, 293. *Cooper's Eq. Pl.* 91. 4 *Vin. Ab.* 409. *Cooper's Eq. Pl.* 20. 1 *Vern.* 117. *2 Bro. P. C.* 63. 65. note. 1 *Vern.* 264. 3 *Pere Wms.* 371.

THE CHANCELLOR. There are several objections to this application. It is bad in form, and in substance.

It is an application for a re-hearing on one point, and for a bill of review on other points.

Petition for a re-hearing.

In *January* last, a decree was pronounced in this cause, and it appears from that decree, that exceptions had been taken to the master's report respecting the account between the parties, and that those exceptions had been set down for hearing, on due notice, and that no person appeared on the part of the defendant to support them, and they were overruled. There is no reason assigned, why the solicitor or counsel for the defendants was unable to attend, or why other counsel were not employed. There is no excuse offered for the default, nor any ground to induce a presumption, that the exceptions, or any of them, were well taken. To interfere on such pretexts, with a decree, after such a lapse of time, would be unreasonable. Lord *Redesdale* said, (*Sch. & Lef.* 398.) that the petition for a re-hearing ought to state the grounds on which the cause is sought to be re-heard; this seems necessary, to enable the Court to exercise a sound discretion in declaring its judgment upon the motion.

Bill of review, when brought. Supplemental bill, in nature of a bill of review, when brought.

The petitioners next ask for leave to file a bill of review, or a supplemental bill, in the nature of one. The bill of review is proper after a final decree enrolled, and the supple-

378

mental bill in the nature of one, before it is enrolled. (2 *Madd. Ch.* 409.) The enrolment prescribed by our statute, or, rather, the substitute for it, is to be done by the register, after the expiration of thirty days from the time the final decree is pronounced. But I do not suppose it material in this case, whether the application be for a bill of review, or a supplemental bill in the nature of one, for *in either case, the same leave, and the same grounds for the application, are requisite.

In the first place, the party asking for a bill of review, must generally show that he has performed the decree; especially, if it be (as in this case) a decree for the payment of money; and he must likewise pay the costs, and nothing will excuse the party from this duty, but evidence of his inability to perform it. (*Williams* v. *Millish*, 1 *Vern.* 117. *Fitton* v. *Macclesfield*, 1 *Vern.* 264. *Cooper's Eq. Pl.* 90. *Note to Bishop of Durham* v. *Liddel*, 2 *Bro. P. C.* 24.) This appears to be a settled rule, laid down both in the ancient and the modern books; but the petitioners have paid no attention to this rule, for there is no offer to perform any part of the decree, or even to bring the money into Court, or any pretext of poverty, want of assets, or other inability to do it. There is wisdom in the establishment of such a provision, and it ought to be duly enforced. Its object is to prevent abuse in the administration of justice, by filing bills of review for delay and vexation, or otherwise protracting the litigation, to the discouragement and distress of the adverse party.

The grounds for the bill of review would also be insufficient, even if the decree had been previously performed.

The bill must be either for error in point of law, apparent on the face of the decree, or for some new matter of fact relevant to the case, and discovered since publication passed, and which could not have been discovered by reasonable diligence before. (2 *Maddock*, 408. 410.)

The error in law on which the party relies, is in that part of the decree by which the bond taken by the surrogate to the people, for the fidelity of the guardian, is declared to be binding and available, equally as if it had been taken to the infant. This was a point raised, discussed, and decided, upon due deliberation, and it certainly is not a case of apparent error, within the meaning of the rule. The newly-discovered matter of fact is not supported *by the requisite affidavit. The fact relied on is, that two several notes, with which the guardian was charged in the bill, and in the decree, had been previously included in an award made in an arbitration between *Blachly*, the guardian, and *Brush* and

*Margin notes:*

1817.

WISER
v.
BLACHLY.

[ * 491 ]

What a bill of review must state.

It is either for error of law, on the face of the decree, or for new and relevant matter of fact, discovered since the decree.

[ * 492 ]

his wife, as administratrix of the estate of *George Wiser*, deceased, the ancestor of the plaintiff. Admitting the fact, it would be no defence to this suit, for it does not appear that the award has been performed, or the money paid to *Brush* and his wife. Those notes belonged to the infant, and they were received by the guardian from that very administratrix, in behalf of the infant; and if the amount of them has not been received back by the administratrix, it remains still in the hands of *Blachly*, for the plaintiff. The plaintiff could look no where, but to her guardian, for that money, and his saying, that on a voluntary submission between him and the administratrix, those notes had been included in an award against him, and no more, is not saying enough. It may be, that the award is null and void, or discharged by the administratrix. Of itself, it is no payment or discharge.

But an insuperable difficulty, in this part of the case, is, that *Blachly* himself does not come forward and join in this petition, and set up this award. It is his defence, and not that of his surety. He knew of the award before the filing of the bill, if any such award existed, and yet he suffered himself to be charged with those notes in the bill, and made no such defence. In his answer he expressly admits, that he has received, is chargeable, and is ready to account, for one of the notes. This is expressly falsifying the newly-discovered defence. The executors of *Vail*, who now set up, by themselves, this pretext of an award, might, or rather their testator might, have ascertained that fact, by ordinary diligence, when he put in his answer. It was the duty of *Vail* to have inquired of his principal, as to every ground of his defence respecting the notes with *which he was specially charged. The principal knew perfectly well every circumstance attending this award; yet he omitted it, altogether, in the whole progress of his defence, and even charged himself with one of the notes. It is impossible to listen to the suggestion of the surety, that he has, for the first time, heard of such an award. If *Blachly* has thought proper to waive it, and cannot now make it the ground of a bill of review, his sureties cannot make it for him, by saying that *they* were ignorant of it until now. This would be allowing a most extraordinary abuse and perversion of the just purposes of a bill of review.

The petition, therefore, on every point, is denied, with costs.

Petition denied.