### DALE and Wife, Executors of FULTON, *against* N. J. ROOSEVELT.

On a *rehearing*, the cause is entirely open to the party in whose favour the decree has been given; but as to the other party, it is open only as to the parts of the decree complained of by him.

Evidence duly taken, in chief, but omitted to be read at the former hearing, through negligence, or other cause; or evidence as to new matter, not before ready, or as to papers since found, and which may be proved at the hearing, or evidence to show the incompetency of a witness whose deposition was read at the former hearing, is admissible at the rehearing.

But new evidence, as to the merits, is not allowed at a rehearing, especially when it has been taken *ex parte*.

A conveyance of land will not be directed, where the party, in whom the fee resided, is dead, and his heirs were not made parties.

It rests in the sound discretion of the Court, to award a feigned issue or not; but where the truth of facts can be satisfactorily ascertained by the Court, without the aid of a jury, it is its duty to decide as to the facts, and not subject the parties to the expense and delay of a trial at law.

ON rehearing, (*Vide* 5 *Johns. Ch. Rep.* 174. S. C.) *August* 13th.

*D. B. Ogden* and *S. Jones,* for the defendant, contended, (1.) for leave to read affidavits, and new proof, of which the opposite party had not before heard, and of which no notice was given. (2) That there ought to have been an issue at law, to try the charge of misrepresentation and fraud.

1822.

DALE
v.
ROOSEVELT.

To the first point, they cited *Newland's Pr.* 189. and the cases there referred to; and to the second point, they cited 6 *Vesey*, 665.   8 *Vesey*, 535. 536    9 *Vesey*, 168.

They contended, (3) that there ought to have been a decree for a reconveyance of the land to the defendant.

*Graham* and *Wells*, contra, objected to the new depositions, as taken *ex parte*.   They observed, that the heirs of *F.* were not parties, and how then could there be a decree for a reconveyance of the land ?   There is no proof that the defendant ever, in fact, conveyed the land to *F.*; and to award a feigned issue would be appealing from the judgment of the Court to the judgment of a jury.

On a rehearing, the cause is entirely open to the party in whose favour the former decree was given; but as to the other party, it is open only as to the parts of the decree complained of.

How far new evidence is admissible on a re-hearing.

THE CHANCELLOR.   On a rehearing, the cause is entirely open as to the party in whose favour the former decree was given; and as to the other party, it is open only in respect to the parts of the decree complained of.   A party may, no doubt, be let in to read fresh evidence, not read on the former hearing; but I understand the cases refer to the evidence duly taken in chief, and *omitted*, by negligence or other cause, to be read; or if the evidence be new matter not before ready, it relates only to papers since found, and which may be proved, *viva voce*, at the hearing, or to testimony going to show the incompetency of a witness in a former deposition.   (*Wright* v. *Pilling, Prec. in Ch.* 494.   *Cunyngham* v. *Cunyngham, Amb.* 89.   *Hedges* v. *Cardonnel,* 2 *Atk.* 408.   *Needham* v. *Smith,* 2 *Vern.* 463.   *Dashwood* v. *Lord Bulkley,* 10 *Vesey,* 230.   *Buckmaster* v. *Harrop,* 13 *Vesey,* 456. 1 *Ves. & Bea.* 153.   *Wyatt,* 89.   *Bloxton* v. *Drewit, Prec. in Ch.* 64.)   It is impossible to allow new testimony to the merits; and not even duly taken, so as to enable the opposite party to cross-examine.   It would operate as a complete surprise; none of the cases go to that extent, or authorise such a violation of the regular practice.   The deposition offered must be rejected.

As to the merits, it is a decisive answer to the objection, that the decree ought to have gone further, and directed a reconveyance of the land, that the heirs of *F.*, in whom the fee resides, (if indeed any fee ever passed to *F.*,) are not parties to the bill ; and I think it is pretty evident, from the case, that the annuity had reference, entirely and exclusively, to the coal mine, and the residue of the consideration, being the 4,400 dollars, was given for the land adjoining the mine.

As to the suggestion of a feigned issue, it is sufficient to observe, that it is the practice, and the undoubted jurisdiction of the Court, to decide on the fact as well as the law, and the awarding of an issue rests in sound discretion; it would be an abuse of that discretion, and the creation of a great and unnecessary expense, to award an issue, when the truth of the fact could be sufficiently and satisfactorily ascertained by the Court itself. This Court, in the time of Chancellor *Livingston,* received a memorable admonition, in the case of *Le Guen* v. *Gouverneur & Kemble,* (1 *Johns. Cases,* 436.) of its duty to decide upon the facts, when they appear sufficiently clear and certain, without the burden of a trial at law.

I have, therefore, reviewed all the testimony, and I see no reason for altering the decree formerly made.

I shall consequently decree, that the former decree be, in all respects, confirmed, and that the defendant pay the costs of this rehearing, and that so much of the deposit made by him, as may be wanting, be appropriated for that purpose.

Decree accordingly.