(Appeal by Henry Betz, Joseph Hiester, Lewis Rees, and Michael Raef-snyder, Isaac M. Young, and Jacob Fritz,)

circumstances of a levy, which was considered to be immaterial; and I feel confident that on the authority of this *dictum,* the same practice has prevailed in many parts of the state, as uninterrupt-edly since the act of assembly, as it did before.    To follow it to the point at which it has been arrested by the legislature, would pro-duce no material inconvenience; for although little accordant with the letter or spirit of the act, I am not aware that it has ever pro-duced injustice: what the consequences of overturning it may be retrospectively, no man can foresee.    Purchasers have reposed on it for twenty years; and to deprive them of a title founded in a practice repeatedly recognized by judicial decision, ought to require the presence of an overruling mischief, which, it seems to me, does not exist.    I am, therefore, averse to any change, particularly. in what seems to me to have become a rule of property; and I am happy to say my brother ROGERS, is of the same opinion.

The judgment and decrees of the court of Common Pleas, are affirmed.

ROGERS, J.—Concurred with the Chief Justice.

———◆———

HENRY BETZ, assignee of WILLIAM GREEN, *against* GEORGE HEEBNER.

An assignee of bonds, which are secured by a mortgage, is entitled to all the security which the mortgage affords, although he did not know of its ex-istence when he took an assignment of the bonds.
An assignment of the mortgage deed, to one who holds part of the bonds, gives him no preference over the other bond holders, in the distribution of the proceeds of sale ot the mortgaged premises.

ERROR to the Common Pleas of Schuylkill county.

This case came before the court of Common Pleas on, a rule to appropriate the proceeds of the sale by the sheriff, of the real estate of *George Heebner.*

The following facts were agreed to as a special verdict.

*George Heebner,* the defendant, on the 12th April, 1814, execut-ed a mortgage on 150 acres of land to secure the payment of nine bonds, given at the same time, to *William Green,* and which fell due on the 1st of April, in each year thereafter.    The two first bonds were paid when they fell due.    On the 6th of September, 1816, the three next bonds were assigned by *Green* to *Daniel Groeff,* and the payment thereof was guaranteed by the said *Green:* these bonds were afterwards, on the 9th September, 1816, assigned to

(Henry Betz, assignee of William Green, *v.* George Heebner.)

*George Heisler*, by *Groeff*, who also guarranteed the payment thereof : one of these three was afterwards assigned by *Heisler* to *John Stroh*, who brought a suit thereon, obtained judgment, *issued a fieri facias*, which was levied on personal property, and issued a *vend. expos.* upon which the sheriff returned " sold and proceeds applied to prior executions." The other two of the three last mentioned bonds, were assigned by *Heisler* to the *Farmers Bank of Reading*, who brought suit thereon, obtained judgment, issued *fieri facias*, and levied on the mortgaged premises. On the 27th July, 1818, the mortgage deed was first put on record. On the 3d September, 1818, the mortgage deed, together with the four last bonds, were assigned by *Green* to *Henry Betz*, the plaintiff, who issued a *scire facias* upon the mortgage, obtained judgment, issued *ievari facias*, upon which the mortgaged premises were sold for eight hundred dollars, and the money paid into court for appropriation. The question for the opinion of the court was, whether *Henry Betz*, the assignee of the mortgage, was entitled to the whole amount of the proceeds of the sale, in discharge of his four bonds; or whether each holder of a bond was entitled to a *pro rata* dividend thereof.

The opinion of the court below was, that the mortgage was a security for all the bonds, and that the proceeds of sale should be distributed *pro rata* among the holders.

This opinion was here assigned as error.

*Bannan* and *Biddle*, for plaintiff in error.

This case differs from the case of *Donnelly* v. *Hayes*, 17 *Serg. & Rawle*, 400, in this, that at the time *Betz* took the assignment of the mortgage and bonds, he had no notice that the first bonds were unpaid, and in the hands of assignees. The assignees of the first bonds knew nothing of the mortgage when they took their assignments, for it was not on record at the time : *Betz* has therefore greater equity, and a superior legal right, in having an assignment of the mortgage itself. *Wells* v. *Archer*, 10 *Serg. & Rawle*, 412. When *Green* assigned the first bonds, there was no lien on the land, and he had a right to make what bargain he pleased with the assignees, and having reserved to himself the mortgage, for the security of the last bonds alone, this agreement will have the effect which the parties designed it should have.

*Smith*, for defendant in error, whom the court declined to hear.

Judgment-affirmed.