Tucker. P.
Much discussion having taken place at the bar on the subject of petitions for rehearing, I shall take occasion to state succintly my views of the practice, and then apply them to the present case.
According to the english practice, a petition for rehearing is an application to the chancellor, before a decree has been signed and enrolled to rehear a cause, not upon new matter or new evidence, but upon the matter in issue and the evidence in the cause at the former hearing. If there be new matter or new evidence in *26 the power of the party, which would have been the foundation of a bill of review if the decree had been enrolled, it must be made the subject of a supplemental bill in the nature of a bill of review, and its object cannot be attained by a petition to rehear. Mitf. Plead. 82. Wiser v. Blackly &c. 2 Johns. Ch. Rep. 488. To this supplemental bill, the defendant answers as in other cases, traversing, if he so pleases, the alleged discovery of new matter or new evidence since the former healing. It were well, I think, that this regular proceeding had been adhered to by our courts, yet I have no doubt they have fallen into the practice of entertaining petitions as substitutes for the supplemental bill; an instance of which is found in Roberts’s adm’r v. Cocke ex’or, cited at the bar. • It is plain, however, that every such petition must partake of the character of the supplemental bill, and be treated according to its analogy. Therefore as a supplemental bill filed for the purpose of bringing forward new matter or new evidence, must shew that it has been newly discovered, and could not, by due diligence, have been brought forward before, Dale v. Roosevelt, 6 Johns. Ch. Rep. 255. so also must a petition for rehearing, which is its substitute. As the supplemental bill calls upon the defendant to answer, and as he may accordingly traverse the. alleged recent discovery, so in the case of a petition setting forth the discovery of new matter or new evidence, the adversary party may traverse the allegation; and to that end the necessary steps should be taken for calling upon him to answer. Unless this course be adopted, we must discard the proceeding by petition, and adhere to the supplemental bill; but so long as the substance is retained, I should incline to think a proceeding by petition, or even by motion or rule, might be without objection, and even preferable for its simplicity and expedition.
In this case, there was no foundation for a supplemental bill, and none of course for a petition .bringing in *27 new evidence. There is no allegation, that the evidence upon either point was newly discovered, or that the defendant could not hy due diligence have had advantage of it before. I think, therefore, that the court ought not to have allowed the petition, or reheard the cause, unless our statute of March 1826 has otherwise provided. That statute provides, that “ from the filing of the bill to the final hearing of the cause, either party may, without order of court, obtain commissions to take depositions to be read therein.” What then is the meaning of the statute as to the final hearing 1 Are we to understand it in its strictest acceptation, or in a more limited sense ? If the former, then although a decree shall have been pronounced upon the merits, after a full hearing of the cause, yet if accounts or any other supplementary proceedings are directed, which (as frequently happens) may occupy years, the decree, and all that has been founded upon it, may he set aside upon the production of a deposition subsequently taken, and a new hearing upon the merits and on the new testimony must be the consequence. Such a construction would be pregnant with mischief. I think, therefore, that we should give to the statute a more limited construction, and confine it to what was obviously the design of the legislature. It was merely intended to remove the inconvenience of special applications for commissions after a cause is set for hearing; and it clearly was not intended to give to any party liberty to take testimony without a commission in any case, which even the allowance of a commission before could not make regular. If before this statute, it would have been error in a court after a full hearing upon the merits, to have awarded a commission to take evidence which was before known to the party and in his power, I should hold it to be clear, that the legislature did not design to legitimate such evidence without a commission. Therefore I am of opinion, that it is not competent to a party, after a *28 hearing of the cause and a decree settling the merits of . the controversy, to take new testimony to matter that was fairly in issue and decided upon; but if the party has new matter to put in issue, or newly discovered evidence to the matter formerly in issue, he must resort to his supplemental bill of review, or to a petition for a rehearing in the nature of it, which must be governed by the principles which prevailed in relation to them before the statute in question.
Excluding the depositions taken after the hearing, we must- consider the appellant as having purchased, according to his advertisement, the whole 442 acres of land subject to the widow’s dower. This sale, it is admitted, cannot stand without the assent of the legatees; who, upon equitable principles, have a right either to have a resale or to insist upon that which has been made. They have elected the latter, but they demand that Moore shall be held to pay as much more than the contract price, as a sale upon proper terms of credit would have brought, instead of a sale for cash or one half cash. This seems but reasonable. Both parties acquiesce in the fairness of the price, considering it was a sale for a large portion in cash, and all that the case requires is a fair estimate of the probable difference between a cash and credit sale. The nature and circumstances of the case, which arise out of the appellant’s own conduct, render this necessary. No other expedient can attain justice, or place the appellees in the situation they would have held, had the trust been faithfully executed. The falling in of the life estate of the widow, and the possible variance of prices, would render a sale at this time a very unfair means of adjusting the rights of the parties. The principle of the decree, then, appears to me to be right, though it would have been better to have referred it to a discreet commissioner, rather than to a jury, to ascertain the probable difference according to the general current of similar transactions, between a sale *29 on the terms on which Moore bought, and a sale on such credit as would have been proper under his testator’s will. This might safely be entrusted to a judicious man of business, familiarized to similar enquiries; but I would be unwilling to submit an estimate to the vague conjeetures of a jury, of the price that might have been obtained for the land in 1825. In this respect, it would seem advisable to correct the decree.
We come, lastly, to the advances to Dogan and wife. T am of opinion, that the court erred in declaring that the testator intended by his codicil, that the proceeds of sale of his land should be divided without reference to advancements. I find nothing from which this inference can be drawn, particularly in relation to subsequent advances. Now, the advance to mrs. Dogan mentioned in the will, is expressly directed to be taken out of her share of the estate. The additional advancement of £150. which it is claimed to deduct from her share of the realty, and which was subsequent to the date of the codicil, is alone in question. Now, an advancement to a child, made subsequent to a will, is to be taken as a satisfaction pro toto oí pro tanto, according to its amount. Jones v. Mason, 5 Rand. 577. Hoskins v. Hoskins, Prec. in Ch. 263. Trimmer v. Bayne, 7 Ves. 508. 515. Pye ex parte, 18 Yes. 140. 151. Monck v. Monck, 1 Ball & Beat. 296. 304. This advancement, then, should have been charged to Dogan and wife in the division of the proceeds of sale of the land. But it is said, 'no proof of the advancement was in the cause at the time of the decree. I think, however, that the defendant having set forth the advances in his answer, it was not necessary that the proof should have been taken, before a reference of the accounts to a commissioner, which, in the regular course of proceeding, ought to have taken place. But the court made no such reference ; and, moreover, cut off at once, by the decree, all evidence as to the advancements claimed in the answer, *30 by declaring that they were not to be deducted. Laches, therefore, in exhibiting this evidence, should not be imputed to the appellant.
On the whole, I think the decree is erroneous, as it respects the advances to Dogan and wife, but that it isj in other respects, correct upon principle, though it would be advisable to modify it by referring the estimate of the difference between a cash and a credit sale to a commissioner instead of a jury.
Stanard, J.
delivered the following as the opinion and decree of the court:
That after an interlocutory decree on a hearing deciding matters in issue between the litigant parties has •been rendered, neither of the parties has the absolute right to introduce new evidence in respect to the matter so decided, but the right to introduce and use such evidence as ground for changing or setting aside such decree, depends on the sound judicial discretion of theg comt to which it is offered, and its judgment on the sufficiency of the excuse that may be urged for the failure to have had that testimony before the court when the cause was heard and the decree rendered; and such excuse may be offered to the court, either upon motion or notice to rehear the cause on the new evidence, or by petition for rehearing. That the decree of the court below in this case, is right, so far as it decides that the sale at which the executor was purchaser, was of the Avhole land subject to the widow’s doiver, and not the two thirds thereof not covered by the doAver; and such being the opinion of the majority of the court, Avhether the additional evidence which Moore sought, by his petition for a rehearing, to introduce in the case, be heard or excluded, therefore it is unnecessary to decide on the sufficiency of the excuse offered by him for failing to have that evidence in the case before the interlocutory decree Aims rendered: The decree rightly made Moore *31 chargeable on his purchase with the whole of the land at the rate of 6 dollars 75 cents per acre. That Moore did not conform to his duty in requiring so large a portion of the purchase as was required, to be paid in cash; that while as purchaser he may (as any other purchaser would) at the election of the cestuis que trust, be bound for the amount of the purchase money, he is further chargeable to the cestuis que trust for the injury arising from such an improvident sale ; and that the measure of that injury is the difference in the price which the land would have commanded, tested by the dealings of prudent and judicious men, if sold on the usual credit of one, two and three years, in equal instalments, and tho price it commanded at the sale that was made, assuming that the price at which it was purchased was a fair and full price, having reference to the terms of that sale. That, while the court below was right so far as it held Moore accountable to the cestuis que trust for the said difference, that difference could be more conveniently and compendiously ascertained by an enquiry and report of a commissioner than by a trial before a jury; and that that course should be taken on the return of the case to the circuit superior court. That the court below erred in decreeing a division of the proceeds of the sale of the land and thus separating that from the rest of the estate, without an account shewing the state of the administration of the estate, and of the advancements or payments to, and accountabilities of, legatees; that Moore was not in default in not producing previous to the decree, the document shewing, or purporting to shew, the division of the personal estate, and the responsibilities of the legatees to the estate or the executor, that being a document proper to be used before the commissioner who might take the accounts ; that, in taking such accounts, it was competent to Moore, to introduce the evidence to shew the charge by the testator of 500 dollars the value of property delivered to Henry Dogan, the hus *32 baud of the testator’s daughter Elizabeth, as an advancement for which she was to be accountable on the division of the estate, and if satisfactory evidence to that effect be introduced, it would be proper to bring that to the charge of the said daughter Elizabeth; and that on the account so to be taken, the decree should be in favour of the legatees respectively, for the balances that may be ascertained to be due, of the aggregate of their respective shares of the real and personal estate. Therefore, the decree, so far as it conflicted with the principles here declared, was reversed, with costs &c. and in other respects approved and afñrmed, and the cause remanded to the circuit superior court for further proceedings &c.