Ltpsoomb, J.
The record is much incumbered with matter that does not appear to us to be material, and on this account the bill ought to have been reformed. But as no exceptions were taken, we shall only notice such part of the proceedings as will be necessary to a review of the decree objected to as erroneous by the complainant. The complainant alleges in his first bill, that having had great confidence in John W. Moore, and not understanding much of the language or laws of the country, Moore obtained his note for three or four hundred dollars without any consideration whatever; that he has sued out execution against him and will sell his property, etc.; that on examining the records of the court, he finds that he has waived service of the petition and citation, and confessed judgment for the amount of the note in said Moore’s favor, and that he has no sort of recollection of having done so. He avers that he believes he will be able to prove the note was given without the shadow of consideration. lie avers too, that Moore is largely indebted to him on an account current; that he has sued Moore and expects to recover judgment against him; that Moore has gotten the possession of some of his property and holds on to it forcibly; and that it is of great value.. These are the allegations, in substance, contained in his bill. Moore fully denies the complainant’s allegations, and avers that the note was given for a valuable consideration, for goods and for other articles.
There does not appear to have been any testimony; and on the bill and answer the injunction was dissolved and bill dismissed.
Execution was again sued out and the complainant obtained another injunction on a bill of review. Moore answered again denying all the allegations of the bill. This last injunction was dissolved and the bill dismissed, and it is the decree of the court below on this last bill that we are called on to review. We will look into the first bill and compare the allegations it contains with those in the last. It is a fact worthy of notice that, although the case presented by this last bill was on docket between two and three years, no testimony was taken. It rested on the bill and answer only. This circumstance has not been accounted for, and is calculated to throw discredit on the averments of the complainant. His counsel must have known, and no doubt informed him, that his bill could not be sustained on its naked averments unsupported by testimony against the answer of the defendant denying those averments. On comparing the two bills, we find that there is not a single matter of equity in the bill of review that was not alleged in the first bill; there is no newly discovered evidence of any fact, not known on the hearing of the first bill. It *(19) is only a reiteration of tbe same, and if there is any additional equity in it, we must derive it from tbe fact tbat tbe complainant bad again sworn to its truth. Tbe rules under which bills of review are granted, where there is a separate equity jurisdiction seem to be well established. After a decree has been enrolled, a bill of review can only be granted for some error on the face of the decree or upon the ground of some newly discovered equity, such as payment, release, etc., since the first hearing. 3 How. 202; 3 Mad. Ch. 536; Taylor v. Sharp, 3 P. Wms.; 3 Atk. 35; 2 Johns. Ch. 490; 3 id. 126.
The decisions of courts of equity on this subject seem to us to be founded in so much good sense, that their propriety would at once strike every honest mind inquiring for truth and the most salutary rules for administering justice. An application to reinstate an injunction under our system may be properly compared, in principle, to a motion for a new trial after verdict. The most usual ground on which the last is asked is newly discovered evidence. Now if ordinary diligence could have procured the testimony or a knowledge of its existence, before the trial sought to be set aside, the motion would be rejected.
So, on an application for a bill of review, or the reinstating [2 8] an injunction, if the newly discovered equity could have been made available on the first trial by the use of ordinary care and attention, the application should be refused. It is unnecessary to indulge in reflections on the consequences that might result from a departure from these well established rules.
If a party could be permitted to hold back evidence in support of his averments, or to make a new averment of matter existing before the first trial, it would be opening a wide door to perjury and subornation of perjury. Decrees made on the most thorough investigation of facts and based on the purest principles of equity might be subverted by a perjured witness or party.
It is very clear that according to the rule here declared, the complainant did not bring himself within its provisions and this is decisive of the cause. We will, howover, inquire further into the equities set up in the two bills. There was no clear definite ground for an injunction set up in either the original or the bill of review; the only semblance of equity is found in the averment that the note was given without consideration. But then we are not informed by the complainant for what purpose it is given. There is a studied silence in both bills as to the real object he had in view in giving his note; and this is a circumstance well calculated to throw doubt and distrust on the truth of his averments.
*(20) Again, after making all due allowance for Ms being a foreigner, imperfectly acquainted with the law and language of the country, credulity must be taxed to the utmost extent to believe that he went into court, and waived petition and citation, and confessed judgment without knowing what he was doing, or without its leaving any vestige on his memory that he had done so.
Now the record must be false which would suppose the criminality of the clerk and judge, against whom he does not make the slightest charge of a participation in the fraud, or we must discredit his statement that he has no recollection of the judgment by confession. We are of opinion, that the first bill was very properly dismissed, and that the second ought not to have been allowed, and that the court below did not err in dismissing it. We therefore affirm the judgment with cost.
Note. In. this case, accompanying the record was what appears to have been intended as a supplemental bill and a showing for a continuance incorporated together. It does not appear that the court ordered it to be filed or took any action in relation to it.
We do not notice it as any part of the record, and only refer to it by way of reprehension to the clerk for connecting such matters with his records.