## Case No. 11,105.

### PHILLIPS et al. v. MARINER.

[5 Biss. 26.] [1]

Circuit Court, D. Wisconsin. April, 1856.

PLEADING IN EQUITY—BILL OF REVIEW—DECREE NOT EXECUTED.

Where on bill of foreclosure by the holder of two notes secured by mortgage, neither the bill nor decree accounted nor provided for the third note, a bill of review will lie by the defendants, even though the decree has not been executed.

[This was a bill in equity by Benjamin F. Phillips and others against Samuel S. Mariner. Heard on demurrer.]

MILLER, District Judge. Bill of review of a decree of sale upon mortgage given by Phillips to Gordon to secure three notes payable to Gordon or bearer. The decree was for the payment of two of the notes without any mention of the third—and the land, as described in the bill was in range 8, and in the decree in range 14. These are the principal objections to the decree. The bill sets forth that Chase, Perlieu, A. Grignon and Robert Grignon have or claim to have some interest in the land. The bill was taken as confessed against all the defendants. There was

1 [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

an appearance merely for Phillips. The bill of review is drawn in the names of all the defendants in the original bill, and is sworn to by the mortgagor Phillips.

To this bill the defendant Mariner has interposed a demurrer and a plea. The demurrer has been argued and submitted, and is now to be passed upon.

The first objection made to this bill, that the decree was not executed by the defendant, nor the amount paid, was disposed of upon the motion to dismiss the bill. A decree of foreclosure of a mortgage, and of a sale of mortgaged premises, is to be considered as the final decree; and the proceedings on the decree are a mode of enforcing the rights of the creditor. The original decree of foreclosure is final upon the merits of the controversy. Proceedings subsequent are a mode of enforcing a decree similar to an execution at law. It is not essential that the decree should be complied with, as, for instance, making a deed. In this case I thought the bill of review might be sustained upon the same principle as in the case of an execution executed. Massie v. Graham [Fed. Cas. No. 9,263]; Wiser v. Blachly, 2 Johns. Ch. 488; Story, Eq. Pl. § 833.

The decree was not taken by consent expressed. It was made upon the bill taken as confessed, or upon default. So this objection fails.

The next objection is that the decree cannot be revised upon the application of the party not injured by it, and that the holder of the third note is not such a party.

It is true that an appeal or bill of review cannot be sustained by a party not affected by a decree, or not a party of record. The bill sets forth that Phillips made and delivered to Gordon two notes for $800 each, payable in July, 1851, and 1852, and that the mortgage was given to secure $2,400 according to the condition of three certain promissory notes of same date therewith. The first two of said notes are the notes hereinbefore described. The decree is for the two notes and interest, but no mention is made of the third, or whether it has been paid or not; now if these notes were delivered to the plaintiff as alleged in the bill, by the maker, he would know what became of the third note. This suit and decree are for two-thirds of the mortgage debt. If Mariner is the holder of the third note, it probably is satisfied by this decree. But if he is not the holder, it may be outstanding unsatisfied, and may be claimed as a lien upon this land as against the other defendants, as terre tenants. Those defendants are parties to this bill of review and are proper parties. A final decree cannot be made in equity until all the parties in interest are brought before the court. Marshall v. Beverley, 5 Wheat. [18 U. S.] 313. To obviate this difficulty in the courts of the United States, the bill should suggest the reason for not making other parties. In a suit demanding specific performance, all the co-heirs must

be made parties or be accounted for. Morgan v. Morgan, 2 Wheat. [15 U. S.] 290. It is a general rule in equity, that all persons materially interested in the matter of the bill as plaintiffs or defendants ought to be made parties to it, however numerous they may be. In Finley v. U. S. Bank, 11 Wheat. [24 U. S.] 304, a subsequent mortgagee obtained a decree by written consent of the defendant without informing the court of a previous mortgage. The court remark: It cannot be doubted that Coleman (the first mortgagee) ought regularly to have been a party defendant, and that had the existence of his mortgage been known to the court, no decree ought to have been pronounced in the case until he was introduced into it. But this fact was kept out of view until the decree was pronounced, the sale made, the money paid to the creditor and the report of his proceedings returned by the marshal. If the manner in which the sale was made and the money directed to be paid (to the plaintiff) be unusual and exceptionable, it was done by consent, and the error is not imputable to the court. The only question presented to the judges by this petition (which was a petition of the prior mortgagee to be made a party) was whether a decree completely executed by a sale of the property and payment of the purchase money should be set aside and the suit reinstated for the purpose of introducing a party who ought regularly to have been an original defendant, but who was not shown by any proceedings in the cause "to be concerned in interest until the decree was made and executed." If such a proceeding were "admissible in any case, * * * it must be where the mischief resulting from a rejection of the petition would be irremediable." In that case Coleman, the first mortgagee, was not affected by the decree. In the case under consideration the court has notice, by the bill, of the third note included in the mortgage, and by the decree that the amount of that note is not therein included. If the fact had been brought directly to the notice of the court, the complainants would be required to account for the third note in some way, or the decree would have ordered a portion of the proceeds of sale to it. If that note is not in the hands of the plaintiff Mariner, the land still remains subject to that proportion of the incumbrance created by the mortgage. Stevenson v. Black, Saxt. [1 N. J. Eq.] 338; Betz v. Heebner, 1 Pen. & W. 280; Langdon v. Keith, 9 Vt. 299.

A suit was brought by the assignee of a mortgage without making the mortgagee a party. A decree was entered for the plaintiff which was reversed with costs, with leave to amend. Morgan v. Magoffin, 2 Bibb, 395. The decree in this case for the amount of two notes without reference to the third is an error of record which should be corrected.

If the decree had directed a portion of the proceeds of sale to be applied to payment of the third note, it might have stood, for that note is entitled to its proportionate share of the proceeds. Instead of that Mariner, the original plaintiff, has received all. See Donley v. Hays, 17 Serg. & R. 400, and cases cited in the opinion. It is the duty of the court to avoid multiplicity of suits and to prevent irreparable injury, and for these reasons the bill should be maintained.

NOTE. If a bill of review is improperly filed, the proper practice for the defendant is to move to strike it from the files: a demurrer admits that it is properly filed. Griggs v. Gear, 3 Gilman, 2.

As to when bills of review will lie, consult 2 Daniell, Ch. Pl. & Prac. 1576 et seq; Story, Eq. Pl. § 404.

A bill of review cannot be sustained upon the ground that the court decided wrongly upon the evidence. Webb v. Pell, 3 Paige, 368; Manigault v. Deas, 1 Bailey, Eq. 283; Turner v. Berry, 3 Gilman, 541; Evans v. Clement, 14 Ill. 206; Garrett v. Moss, 22 Ill. 363. And the error must be apparent upon the face of the decree, and the evidence will not be looked into. Story, Eq. Pl. § 405; Dexter v. Arnold [Case No. 3,856]; Greenwich Bank v. Loomis, 2 Sandf. 70; Smith, Ch. Prac. 51. Mere error in the decree will not suffice. Adams, Eq. 417.

Before a bill of review can be filed, the original decree must, ordinarily, be performed. 2 Daniell, Ch. Pl. & Prac. 1582; Story, Eq. Pl. § 406; Wiser v. Blachly, 2 Johns. Ch. 488; Griggs v. Gear, 3 Gilman, 16; Horner v. Zimmerman, 45 Ill. 14; Smith, Ch. Prac. 53; Adams, Eq. 417. The only exception to this rule is, where, on account of the insolvency of the parties to whom the money is to be paid, or other good reason specially shown, the rights of complainant would be lost by performance of the decree; but in such case, the special reason must be shown in the bill, and leave of the court first obtained to file the bill without performance of the decree. See cases above cited.

And even if the time for the payment of the money under the original decree had not arrived at the time of filing the bill of review, it must be paid when the time does arrive, or the bill will be dismissed on motion. 2 Barb. Ch. Prac. 96; Partridge v. Usborne, 5 Russ. 196, 251; Welf. Eq. Pl. 90.

On a bill of review, the court will only consider the law upon the facts as furnished by the original decree; it will not perform the functions of an appellate court. Evans v. Clement, 14 Ill. 208; Story, Eq. Pl. § 407.

If a party neglects to make his defense at law, a court of equity will not relieve him. More v. Bagley, Breese, 94; Beaugenon v. Turcotte, Id. 167; Hubbard v. Hobson, Id. 190; Richardson v. Prevo, Id. 216; Duncan v. Ingles, Id. 277; Armstrong v. Caldwell, 2 Scam. 418; McDaniel v. James, 23 Ill. 407; Finch v. Martin, 19 Ill. 105; Thompson v. Morris (Ill. Sup. 1873) 5 Chi. Leg. News, 363.

PHILLIPS (MILTENBERGER v.). See Case No. 9,621.

PHILLIPS (PICKERING v.). See Case No. 11,122.

PHILLIPS (RANDALL v.). See Case No. 11,555.

PHILLIPS (RIDYARD v.). See Case No. 11,820.