# BANCO POPULAR, Complainant,

## *v.*

# E. B. WILCOX, Dft.

San Juan, Equity, No. 946.

MOTION TO DISMISS BILL OF REVIEW.

Bill of Review—Necessary Allegations.

    1. A bill of review must allege performance of the decree or a sufficient reason why it has not been performed. If the original decree has not been performed the new bill must ask that it be allowed without performance.

Bill of Review—Decree Pro Confesso—Parties.

    2. A decree pro confesso is not binding upon one not a party. It is inequitable to allow a plaintiff to prosecute a bill of review to cover remedies which might have been obtained in a suit which he voluntarily dismissed as to the main party in interest.

Notaries—Disqualifications.

    3. A notary is not disqualified from acting as such in a deed to which a bank, of which he is an official, is a party, because he and the bank are separate entities.

Equity Pleading—Admissions.

    4. An allegation in an answer to a bill in equity which does not amount to a set-off or counterclaim is deemed to be denied.

Usury.

    5. Section 4 of the Act of March 1, 1902, of the Porto Rican Legislature, avoids the usurious interest, but not the principal. A second mortgage which purports to be for an additional loan plus interest then accrued amounts to a rest on which interest then due was figured out and not paid, and the interest then ceases to be interest, and becomes a deferred debt.

Opinion filed February 3, 1917.

Banco Popular v. Wilcox.

*Messrs. Frank Antonsanti* and *Damian Monserrat* for motion.

*Messrs. J. R. F. Savage* and *Willis Sweet* for complainants in review.

HAMILTON, Judge, delivered the following opinion:

This is the third litigation connected with the question of the obligation of E. B. Wilcox to the Banco Popular in the matter of a second mortgage made by Rafael Lopez Landron and wife. Landron had executed, July 29, 1909, a mortgage in favor of the bank for $4,600, and made another mortgage to the bank December 3, 1912, for $1700. The latter mortgage was not promptly recorded, and in the meantime, January 14, 1913, Landron and wife made a deed to E. B. Wilcox. The main question is whether Wilcox, at the time of receiving his deed, knew of and was bound by the second mortgage of Landron, which was not recorded until January 28, 1913. The foreclosure bill of the bank covered both mortgages, and, making Landron and Wilcox defendants, was filed June 9, 1914. By consent the case lay dormant until 1916, when testimony was taken and decree of foreclosure rendered August 25, 1916. The court having ruled that a cross bill was not germane, defendant Wilcox filed a bill against Landron and the bank on June 30, 1916, in a suit numbered 975 Equity, seeking to reform the deed of sale of January 14, 1913. On December 20, 1916, a decree pro confesso was entered on the new bill, and on January 4, 1917, a final decree was entered against Landron, the bill having been dismissed as against the bank. The sale under the foreclosure suit No. 946 was had January 6, 1917.

It is sought by the bill of review now filed in cause No. 946 to have the proceedings and decree of foreclosure reviewed and set aside. A number of reasons are urged. Some of them were passed upon during the progress of the main suit, and therefore need not now be considered. Others will be discussed.

1. A bill of review will not be allowed if performance of the decree is not shown, or a sufficient reason given why it has not been performed. Without this the bill is demurrable. If the original decree has not been performed, the new bill must ask that it be allowed without performance. Simkins, Fed. Eq. Suit, p. 633; Ricker v. Powell, 100 U. S. 107, 25 L. ed. 528. In the case at bar there is an allegation that the complainant "has not paid the amount of the judgment rendered against him in the decree aforesaid, and that he is not able to do so under the terms of the decree and the conditions of the sale." This is, as stated, rather a conclusion of the pleader than a statement of fact, making up a sufficient reason why the decree was not performed. Nevertheless, it is an attempted statement of an excuse for nonperformance, and because amendable may be taken as sufficient upon a motion to dismiss which is not directed to this point in particular. It may possibly be construed to mean poverty, as is argued, and Chancellor Kent has considered the pretext of poverty a proper excuse for nonperformance. Wiser v. Blachly, 2 Johns. Ch. 488. This bill of review was filed after leave obtained, so that it is not material whether leave is necessary or not in a bill of review for errors of law. It is held that a bill of review on the ground of newly discovered matter can only be filed on special leave, which depends on the sound discretion of the court to which the application is made. Thomas v. Brockenbrough, 10 Wheat. 146, 6 L. ed. 287. This

court is always ready to reconsider a decision which is doubtful in law.

2. There does not appear to have been a necessity for a bill of review. In case No. 975 there could have been a consideration of all original equities between the three parties interested which could not be raised in the answer to the bill in No. 946. This seems to have been contemplated, but at the last moment the plaintiff considered that a decree pro confesso against Landron, who had left the Island and whose representation by counsel was uncertain, would fix all rights in regard to the property. Thereupon the plaintiff dismissed the bill as to the bank, and was left with a decree pro·confesso as to Landron, and relies upon it. He voluntarily gave up the opportunity to litigate the points at issue with the principal party in interest, that is, the bank, which he had by amendment eliminated. But the decree he did obtain was not binding upon the bank, because the bank was no longer a party. It does not seem equitable for a plaintiff to prosecute a bill of review to cover remedies which were obtainable in a suit which he voluntarily dismissed as to the main party in interest.

3. Passing, however, to the merits of the bill of review. It is claimed that the deed from Landron to Wilcox was void because the witnesses were the clerks, servants, and employees of the notary, and because the notary, Monserrat, was attorney and president of the plaintiff bank and one of its large stockholders. The illegality claimed arises under § 20 of the Notarial Law of Porto Rico of March 8, 1906, being § 1998 of the Compilation of 1911, which is as follows:

"The following public instruments shall be null and void:

"First. Those in which the notary authorizing the same has

intervened as a party thereto, or which contain any provision in his favor.

"Second. Where the relatives of the parties concerned therein, or the relatives, clerks or servants of the notary authorizing the instrument, are witnesses thereto. . . ."

The notary in question, however, did not intervene as a party to the deed, nor did it contain any provision in his favor. The only interest alleged is that the notary was connected with the bank; but the bank was not a party to the deed now complained of. Moreover, the bank was one individual and the notary was another. It may be bad practice, in connection with matters of proof, for a bank official to act as notary also for the bank, but it does not make illegal the conveyances certified by the notary.

4. There was no evidence offered that the relatives, clerks, or servants of the notary were witnesses, and the ground upon which this objection is based is technical. The statement that they were such is contained in the sworn answer of the defendant, and, this sworn answer not having been controverted, it is claimed that the result was an admission of the fact, without necessity for offering the answer in evidence. Simkins, Fed. Eq. Suit, p. 437. New equity rule 31 says that "unless the answer assert a set-off or counterclaim, no reply shall be required without special order of the court or judge, but the cause shall be deemed at issue upon the filing of the answer, and any new or affirmative matter therein shall be deemed to be denied by the plaintiff. . . . In default of a reply, a decree pro confesso on the counterclaim may be entered as in default of an answer to the bill." [226 U. S. 657, 57 L. ed. 1641, 33 Sup. Ct. Rep. XXVII.] The new procedure presents the difficulty that the set-off or counterclaim is a part of the answer and is

not a separate paper, and so the set-off or counterclaim must be determined from the contents, and not from the form of the paper. There was no decree pro confesso on the answer as a counterclaim, which would be the proper procedure if the answer was of this character, and so no question arises on this score. On the other hand, if the allegation that the instrument is void, on account of the interest of the notary and the like, is to be deemed new or affirmative matter merely, then, under rule 31, this is deemed to be denied by operation of law. In neither view could the proceedings in case No. 946 amount to an admission of this allegation of the answer, and so the court did not err in this regard in rendering the decree actually made.

5. It is also set up that there was an error in the decree because the second mortgage was void in that it covered interest upon interest. The Porto Rican law avoids the usury, not the principal. Act March 1, 1902, § 4; Compilation 1911, § 4175. The new mortgage, however, is not shown to transgress any law. It purports to be for a certain additional advance *plus* interest then accrued. In other words, the transaction amounted to a rest, at which interest then due was figured out and not paid. In such case it ceased to be interest and became a debt, which could be deferred, secured by mortgage, or handled in any other way the parties saw fit. The amount of interest is large, but does not exceed what is allowed by contract under the local law. There is no showing that there was any fraud, or that any advantage was taken which calls for the interposition of a court of equity. Moreover, if there is any mistake in the amount due under the decree for foreclosure, it could have been brought up by exception or by motion questioning the amount figured by

Banco Popular v. Wilcox.

the clerk and adopted by the court. There was no need for an independent proceeding in this regard.

Whether, therefore, the bill of review be considered on the ground of practice or on the merits, it is improper under the circumstances, and should either not have been allowed originally or be dismissed now.

It is so ordered.