1835.

Desplaces
v.
Goris.

---

## DESPLACES *vs.* GORIS and others.

Where a written agreement, set out in the bill, was admitted by the answer of one defendant, but was not admitted by the other defendants who claimed through him; and the complainant's counsel, under a misapprehension of the law, closed the proofs and brought the cause to a hearing without making formal proof of the written agreement; and the objection being taken at the hearing, that the agreement should have been proved, as against those defendants who had not admitted its execution; *Held*, that the court might suspend the argument, and give the complainant an opportunity to prove the agreement, in the usual way before an examiner.

April 21.

THE bill in this cause was founded upon a written agreement in the French language, a translation of which was set out at length, in the complainant's bill. The defendant Goris and the complainant were the only parties to this agreement, and it was sought to charge the other defendants through that agreement. As the agreement, stated in the bill, was substantially admitted in the answer of the defendant Goris, the complainant's counsel, through inadvertence, neglected to make formal proof of such agreement, and of the correctness of the translation thereof; supposing the admission in the answer of Goris would be sufficient. Upon the hearing of the cause, and after the complainant had finished his opening argument, the objection was made that this agreement had not been proved, so as to entitle it, or the translation thereof, to be read as against the defendants; especially against those who were not parties thereto. The vice chancellor decided that this objection was well taken;

but he suspended the further hearing of the cause, to enable the complainant to give regular notice of an application to make this formal proof of the agreement. And upon such application, the vice chancellor allowed the complainant to prove the execution of the agreement, and the correctness of the translation, in the usual way, by witnesses before an examiner. From this decision of the vice chancellor the defendants appealed.

*T. T. Payne,* for the complainants.

*C. Edwards,* for the defendants.

THE CHANCELLOR. The neglect to make formal proof as to the execution of this agreement, and as to the correctness of the translation set out in the bill, was satisfactorily accounted for by the affidavit of the complainant's counsel. And the case of *Cox* v. *Allingham,* (*Jacob's Ch. Rep.* 337,) was a sufficient authority to sustain the decision of the vice chancellor; if any authority was necessary to sustain a decision so manifestly just and proper. There was no pretence on the part of either of the defendants, that they had any reason to believe the agreement was not in fact executed by Goris, or that the translation thereof, as stated in the bill, was incorrect. The only effect therefore of denying this application would have been, to subject the parties to the delay and expense of a new suit; as it would, under the circumstances of this case, be a matter of course to permit the complainant's bill to be dismissed, without prejudice to his right to proceed *de novo.* As the proof of the agreement was a matter of mere form, to which the attention of the complainant's counsel was called for the first time at the hearing, the vice chancellor did right to give him an opportunity to apply to correct the formal defect; instead of subjecting the parties to the useless expense of a new suit.

The order appealed from is affirmed, with costs.