ROBERT I. ROBINSON *&* al. *versus* THOMAS R. SAMPSON *&* al.

After a final decree in a bill in equity, a petition for a rehearing will not be granted for the purpose of allowing evidence, touching the merits of the cause, to be introduced, which evidence was fully known to the petitioner before publication of the proofs taken, and might have been produced at the hearing.

A misapprehension of the effect of the evidence taken, or a mistake of the law respecting the admissibility of evidence, either by the party or by his counsel, will furnish no sufficient ground for granting a rehearing after a final decree in a cause in equity.

THIS was a petition by the plaintiffs for a rehearing of the case in equity, between the same parties, reported in 23 Maine Reports, 388. The case, a rehearing of which is now sought, was argued at the April Term of this Court in Cumberland, 1844, and continued *nisi* for advisement. The opinion of the Court was delivered, and a final decree passed, at the following November Term, dismissing the bill, for reasons given in the opinion found in the reported case.

At the April Term, 1845, the plaintiffs presented their petition for another hearing, and after reciting the substance of the original bill and of the evidence, gave several reasons why the prayer of the petition should be granted, among which are these : —

"Because at the argument of said cause it was believed by said complainants, that the proofs taken in said cause were

sufficient to satisfy this honorable Court of the plaintiffs' claim to the relief prayed for in their said bill, without resorting to the testimony of said Mitchell, one of the defendants; and that such belief was entertained until the delivery of the opinion of the Court, and that your petitioners were surprised at the opinion aforesaid," inasmuch as certain testimony, set forth, was alleged to have been in the case.

Because in connexion with that testimony, " said petitioners verily believe, that if said Mitchell was put upon his oath to testify, he would on his oath state the facts aforesaid, and would by his testimony fully substantiate all the material allegations in said bill, and that therefore under the extraordinary circumstances of the case, they are advised, that it is reasonable and proper, that a further hearing should be had for the purpose, that the deficiency in the plaintiff's testimony should be supplied by taking the testimony aforesaid of said Mitchell, one of the defendants in said bill."

Because the deficiency in the testimony can be supplied by said Mitchell who has already stated the same on oath in his answer, and it was " not placed before the Court in his deposition, because the plaintiffs were not advised, that it was absolutely necessary to do so, and no fraud or injustice can be effected by supplying said deficiency, no wrong or damage can be done to the defendants, by allowing said cause to be reheard before this honorable court."

" Because unless said rehearing is granted, the said plaintiffs will greatly suffer by denial of relief in a case of gross fraud and misrepresentations, perpetrated upon them by said Sampson, which relief is granted in all like cases by courts of equity, whose peculiar province it is to protect parties under the circumstances set forth in said bill."

*Deblois* and *O. G. Fessenden,* for the plaintiffs, argued in support of the reasons set forth in the petition, and cited 1 Metc. 78 ; 4 Metc. 109 ; 2 Smith's Ch. Pr. 21, 22, 23 ; 3 P. Wms. 300 ; 18 Ves. 319 ; 9 Ves. 172 ; Hoffman's Ch. Pr. 498 and 567 ; 2 Russ. 91 ; 2 Johns. C. R. 436 ; 1 Vernon,

46; 2 Madd. Ch. R. 483; 10 Ves. 236.; 5 Russ. 287; 1 Johns. C. R. 48; 7 Johns. C. R. 256; 1 Paige, 574; 5 Paige, 252; 9 Price, 187; 2 Ves. and B. 401;'1 Smith's Ch. Pr. 344; 3 Atk. 402; Ambl. 583; 1 Keen, 1; 6 Paige, 565; 1 Iredell, 93; 3 Bland, 126.

*Codman & Fox* argued for the defendants, and cited 2 Hill's Ch. 357; 1 Irish Eq. R. 472; 6 Johns. C. R. 255; 1 Pet. C. C. R. 364; 13 Ves. 511; 5 Simon, 554; *Baker* v. *Whitney*, 1 Story's R. 218; Story's Eq. Pl. § 412, 413.

The opinion of the Court was prepared by

TENNEY J. — " A bill of review may be brought upon the discovery of new matter, which would change the merits of the claim upon which the decree was founded." Story's Eq. Pl. sect. 412. " The new matter must be relevant and material, and such, as if known, might probably have produced a different determination." " Not to make a new case but to establish an old one." " The new matter must have come to the knowledge of the party after the time, when it could have been used in the cause at the original hearing." *Ibid.* sect. 413. " The matter must not only be new, but it must be such, as the party by reasonable diligence, could not have known." *Ibid.* sect. 414.

In *Young* v. *Keighley*, 16 Ves. 348, the Lord Chancellor says, " If the decree has been enrolled, a bill of review is necessary; if it has not been enrolled, the mode is by a supplemental bill in the nature of a bill of review. The ground is error apparent on the face of the decree; or new evidence of a fact materially pressing upon the decree, and discovered at least after publication in the cause." The same principle is laid down in the most emphatic terms in the case of *Bingham* v. *Dawson*, 3 Jac. and Walk. 243, by Lord Eldon. In *Wiser* v. *Blackly*, 2 Johns. Ch. Rep. 488, the Chancellor uses the following language. " The bill [of review or a supplemental bill in the nature of a bill of review] must be either for error in point of law apparent on the face of the decree, or for some new matter of fact, relevant to the case, and discovered since

publication passed, and which could not have been discovered by reasonable diligence before." Judge Story says, in *Baker & ux.* v. *Whitney & al.* 1 Story's Rep. 218 ; after examining the authorities touching an application for a rehearing and for leave to introduce new evidence in a cause, in which there has been a final decree ; " It is clear, therefore, that the defendant would be entitled to relief by a rehearing, upon filing a supplemental bill, under the direction of the Court, stating the new evidence, if it be of such a nature, and under such circumstances, as that he might have relief upon a bill of review ; but not otherwise. The rule I take to be clear, that such a rehearing and such a supplemental bill, will be granted only, where the party could entitle himself to relief upon a bill of review, or a supplemental bill in the nature of a bill of review after a final decree."

Permission has been given, *at the hearing,* however, to supply defective testimony under special circumstances ; and the cause will be ordered *to stand over* for that purpose. 1 Hoffman's Ch. Pr. 498. In *Cox* v. *Allingham,* 1 Jacob, 377, an original lease was the foundation of the suit. At the hearing a motion was made on affidavit for liberty to prove the loss of the deed, which was read at a former hearing ; but although the loss was sworn to, yet the fact of a search for the deed was not proved. The answer omitted the deed as set forth, but called upon the plaintiff to produce it. The reference distinctly called for the production. The Master of the Rolls stated his " strong impressions of the dangers, that would arise, if in every instance a party whose case broke down at the hearing were to be at liberty to go into further evidence, and added, that when there is any slip, or mistake, either by counsel or a solicitor, the party must suffer the consequence. But it was further remarked, that the proof offered relates only to a document ; there is no danger, that the plaintiff may profit by the publication having passed ; it is a mere slip, not new matter; no design, though the cause has come to a hearing, and the interrogatory was allowed to be put, the plaintiff paying the costs of the application, and of the examination and of the cross examination, if any." The decision in the case of *Des-*

*places* v. *Goris & als.* 5 Paige, 252, was upon the authority of that of *Cox* v. *Allingham*. The suit was founded on a written agreement in the French language between the plaintiff and Goris alone, and the bill sought to charge the other defendants through that agreement, a translation of which was set out in the bill; and Goris admitted substantially both the agreement and the correctness of the translation; and the plaintiff supposed this admission sufficient. But upon the hearing after the plaintiff's opening argument, the objection was made, that the agreement and translation had not been proved, so as to entitle it to be read, as against the other defendants. The Vice Chancellor decided that the objection was well taken, and allowed the plaintiff to prove the execution of the agreement and the correctness of the translation before an examiner. An appeal was taken, and the Chancellor affirmed the former decision, remarking that proof of the agreement was matter of mere form, to which the attention of the plaintiff's counsel was first called at the argument. In *Dale & ux.* v. *Roosevelt*, 6 Johns. Ch. Rep. 255, the Chancellor holds that " on a rehearing," " a party may no doubt be let into fresh evidence, not read on a former hearing; but I understand the cases to refer to the evidence duly taken in chief, and *omitted* by negligence or other cause, to be read ; or if the evidence be new matter, not before ready, it relates only to papers since found, and which may be proved, *viva voce*, at the hearing, or to testimony going to show the incompetency of a witness in a former deposition." " It is impossible to allow new testimony to the merits." 2 Atk. 408. Mr. Hoffman, in his Equity Practice, says, " I have found no case in which new evidence has been permitted to be taken to be used upon a rehearing, excepting documentary evidence. But he remarks, that the Court has the power to extend the permission to other testimony in a proper case. Page 567.

After a decree and a reference to a master under special circumstances, an order has passed for the examination of a witness. *Winpenney* v. *Courtney*, 5 Sim. 554. In *Paris* v. *Hughes*, 1 Keen, 1, by the decree at the hearing, it was re-

ferred to the master to inquire, whether Brightman at the time of his purchase, had notice that the defendant intended to dispute the validity of the deed, and since the decree Brightman obtained the order now sought to be discharged; and the master of the rolls remarked, "I consider it the settled rule of the Court, that an order of this kind may be obtained *exparte* as well after as before decree." And in *Williams* v. *Goodchild,* 2 Russ. 91, on a rehearing, evidence in the cause may be read, which was not read at the original hearing. But no case has been cited, and it is not believed that any is to be found, which is to be regarded as authority, where evidence has been allowed to be introduced upon a rehearing, after a *final decree,* which evidence was fully known to the party before publication of the proofs taken.

The petition here is for a rehearing of the cause, after the final decree, dismissing the bill. No suggestion is made, that the merits of the suit, as they were before presented, were not fully understood by the Court; but the rehearing is prayed for upon the ground, that sufficient testimony could be produced by the complainants, to sustain all the material allegations in the bill of complaint, and entitle them to the relief sought thereby. The application is for that relief, which could be granted only, when the party could entitle himself thereto upon a bill of review, or a supplemental bill in the nature of a bill of review. We have seen what the rules are, touching such questions, and those rules cannot be disregarded, however much they may bear against an injured party. The rehearing is sought only, that testimony not before the Court at the former hearing may be presented in addition to that, there exhibited. These facts were disclosed in the answer of Mitchell, one, of the original defendants; this of course was fully known to the plaintiffs before their proofs were taken, and they could have seasonably availed themselves thereof.

The evidence, which the plaintiffs ask the opportunity to present at a rehearing is unlike that, which has been allowed in the cases cited, where there was a document omitted, or where the evidence to be supplied was of such a character,

Robinson *v.* Sampson.

that the party making the motion could not profit, by the publication having passed. But the testimony which the plaintiffs would introduce at a rehearing goes directly to the merits of the case, and is that upon which they rely much to show that the other defendants were guilty of the fraud alleged in the bill. This would be no less than reopening the whole case, for the production of evidence, which was not unknown before publication.

When a document has been allowed to be put in, or when such evidence as has been considered, has been taken by an examiner, after publication, it has been done on motion made *at the hearing*, upon an objection from the other side, which was a surprise. In this case, the ground was taken by the counsel for two defendants, that the facts contained in the answer of another defendant were not evidence against them. But the counsel not conceding such to be the law, and relying upon other evidence, made no motion to arrest the proceedings, but the cause was fully heard and passed to a final decree.

*Petition dismissed.*