## SUMNER A. SHEFFIELD *vs.* JOHN MULLIN, Administrator.

### September 2, 1881.

**New Trial—Newly-discovered Evidence—Mistake of Witness.**—The proper mode of proceeding to obtain a new trial on the ground of newly-discovered evidence, or the mistake of a witness in giving his testimony, in a proper case for relief on those grounds, after judgment, and within one year after notice thereof, is by motion in the original suit, and not by the old methods.

**Same—After Affirmance of Judgment in Supreme Court.**—The affirmance of the judgment on appeal is not an obstacle to such relief in a case where the final judgment is in the district court, and the new evidence was discovered after such affirmance, and could not, by the use of reasonable diligence, have been discovered before.

**Same—Degree of Diligence Required.**—A party is bound to the exercise of due care and diligence to bring to light and put in his evidence in the first instance, and due diligence after new evidence, or the failure for any excusable cause to present his evidence in the first instance, is discovered or known, in making the application to bring it forward, so that it can be introduced in the case at the earliest practicable stage; and if he fails in such diligence he will not be entitled to relief on those grounds. If, after full knowledge of such new evidence, he, deeming the evidence sufficient as it stands, allows the case to go to judgment and appeals therefrom, he is not entitled, after the affirmance of the judgment on such appeal, to any relief on account of such matters.

Appeal by plaintiff from an order of the district court for Rice county, *Buckham,* J., presiding, denying a motion to recommit the cause to the referee by whom it had been tried, for a rehearing of the testimony of M. B. Sheffield, one of the plaintiff's witnesses, and a

correction of the report of the referee in the matter of the amount received by M. B. Sheffield as salary. The motion was made after judgment had been entered, and had been affirmed on appeal by this court, and the cause remitted to the district court. The nature of the suit and the questions made on the referee's report on the appeal from the judgment appear in the report of that appeal. 27 Minn. 374.

*Gordon E. Cole,* for appellant.

*John H. Case,* for respondent.

CLARK, J. The plaintiff appeals from an order denying an application for the re-examination of one item in an accounting of a partnership business, on the ground of a mistake by a witness called by the plaintiff in giving his testimony. The cause was tried before a referee, who took the account and made his report upon all the issues, and judgment was entered thereon, on the 20th day of September, 1880. A statement of the evidence given on the trial with respect to the above-mentioned item having been made, settled, and annexed to the judgment-roll, an appeal was taken by the plaintiff to this court from so much of the judgment as charged him with this item, and the judgment was affirmed on such appeal. This application was made, upon affidavits, in January, 1881, after such affirmance, and was denied by the court below, on the ground of want of authority in the court to grant a reinvestigation, or new trial, after the judgment had been entered and affirmed by this court on appeal.

So far as relates to the mode in which relief was sought, viz., by motion, we think the practice adopted by the plaintiff was correct. A motion for a new trial, on the ground of the mistake of a witness in giving his testimony, though not common and not to be encouraged, is allowed in a clear case, free from suspicion and negligence, in the discretion of the court, and is governed in most respects by the same rules which are applied to motions for a new trial on the ground of newly-discovered evidence. Indeed, as the result is the introduction into the case of new or different evidence, the ground of the relief may be said, with some propriety, to be newly-discovered evidence. As it seems to be considered that the question of practice raised is not entirely settled by the decisions of this court,

we shall be at liberty to adopt the rule which shall appear to be most in accordance with the provisions and spirit of the Code of Practice, and most convenient and useful. By the English chancery practice, relief on the ground of newly-discovered evidence or newly-discovered matter was obtained, after the decree was signed and enrolled, by bill of review; after decree, but before it was signed and enrolled, by supplemental bill in the nature of a bill of review; and after publication passed, but before the hearing, by supplemental bill. Relief by bill of review on the ground of newly-discovered evidence was obtainable after the decree had been affirmed on appeal. Story's Eq. Pl. § 418; *Singleton* v. *Singleton*, 8 B. Mon. 340, 367.

These methods of relief in chancery cases, though well adapted to promote correct results, were cumbrous and onerous, and relief on similar grounds, after a judgment at law, was obtained only by methods similarly burdensome. The policy of the Code of Practice is to simplify the proceedings through which the ends of justice may be reached, and the remedy by motion in the original suit has been, within certain limits, substituted for the old methods.

Under Gen. St. 1878, *c.* 66, § 125, relief on various grounds against judgments may be had within one year after notice thereof, by motion, which, under the old practice, would only have been obtainable by an original or ancillary proceeding; and, although an application for a new trial for causes discovered after the entry of the judgment is not specifically provided for, it is sufficiently embraced in the general language of the section; and we think that the spirit and analogies of the Code of Practice will be more nearly observed, and the ends of justice more readily and conveniently attained, by allowing relief of the character here sought to be obtained, by motion, within the limitation of time fixed in the section above cited. The fact that the judgment has been affirmed on appeal is not an obstacle to the granting of the relief, if the judgment be entered in the district court, and is important only as it may bear in the particular case upon the question of diligence. The mistake of the witness, or new matter, may not have been discovered until after such affirmance. These views will, we think, find support in the following cases: *Tucker* v.

*White,* 27 How. Pr. 97; S. C. 28 How. Pr. 78; *Blydenburg* v. *Johnson,* 9 Abb. Pr. (N. S.) 459; *Tracey* v. *Altmyer,* 46 N. Y. 598; *Spanagel* v. *Dellinger,* 38 Cal. 278; *Johnston* v. *Paul,* 23 Minn. 46.

But, notwithstanding the mode of relief sought was the proper one, we are forced to the conclusion that, under the circumstances disclosed by the affidavits with respect to the matter of diligence, the granting of the application at this stage of the case was not within the limits of judicial discretion. In the cases which have come under our observation, the mistake of the witness for which relief was granted was a mistake of fact. The witness honestly testified to what he afterwards ascertained was incorrect. Here the witness (as well as the plaintiff) was correctly informed, but, as it is claimed, used language which did not convey to the referee or the appellate court the fact he meant to express. It is unnecessary to decide that relief might not be granted in the discretion of the court for a mistake like this— although it would be highly dangerous in practice—if the application was seasonably made. But the plaintiff proceeded to judgment, and to review the judgment on appeal, on the evidence as it stood, after the mistake for which relief is now sought was apparent. The moving affidavits state that the plaintiff did not suppose that the evidence of the witness would bear the construction put upon it by the referee, and that he was surprised thereby, and that he appealed to the supreme court in the same supposition, and thinking the evidence sufficient. It has always been a universal requirement, founded on sound reasons, that applications for relief on the ground of newly-discovered evidence—and this application stands upon the same reason—should be made with diligence after the new evidence was discovered, so that it could be introduced into the case at the earliest practicable stage.

In Story's Equity Pleading, § 423, the rule is laid down as follows: "It seems to me to be a general rule that a supplemental bill for new-discovered matter should be filed as soon after the new matter is discovered as it reasonably may be. If, therefore, the party proceeds to a decree after the discovery of the facts upon which the new claim is founded, he will not be permitted afterwards to file a supple-

mental bill, in the nature of a bill of review, founded on those facts; for it was his own laches not to have brought them forward at an earlier stage of the cause."

In *Young* v. *Keighly*, 16 Ves. Jr. 348, a case cited by the subsequent English and American cases with uniform approval, Lord Eldon remarked: "I am persuaded that, by refusing the application, I decide against the plaintiff in a case in which he might, perhaps with confidence, have contended that upon the evidence he was entitled to the whole money. On the other hand, it is most incumbent on the court to take care that the same subject shall not be put in a course of repeated litigation, and that, with a view to the termination of the suit, the necessity of using reasonably active diligence in the first instance should be imposed upon parties. The court must not, therefore, be induced by any persuasion as to the fact that the plaintiff had originally a demand, which he could clearly have sustained, to break down rules established to prevent general mischief, at the expense even of particular injury." And see 2 Barb. Ch. Pr. 93; 2 Daniell's Ch. Pr. (3rd Am. Ed.) 1639; *Livingston* v. *Hubbs*, 3 John. Ch. 124; *Pendleton* v. *Fay*, 3 Paige, 203.

In *Robinson* v. *Sampson*, 26 Me. 11, relief was sought after a final decree, "because at the argument of the cause it was believed by said complainants that the proofs taken in said cause were sufficient to satisfy this honorable court of the plaintiffs' claim to the relief prayed for in their said bill, without resorting to the testimony of said Mitchell, one of the defendants; and that such belief was entertained until the delivery of the opinion of the court, and that your petitioners were surprised at the opinion aforesaid;" and it was proposed to supply the testimony of Mitchell, and retry the case. The court held that a misapprehension of the effect of the evidence taken, either by the party or his counsel, will furnish no sufficient ground for relief after a final decree. And such appears to be the well-settled rule. *Norris* v. *Le Neve*, 3 Atkyns, 34, 35, 36; *Baker* v. *Whiting*, 1 Story, 218; *Jenkins* v. *Eldredge*, 3 Story, 299. In the latter case Judge Story observes (p. 314,) that "leave is never given to file a supplemental bill in order to admit new evidence, after an interlocutory decree, where the party might by due diligence have intro-

duced it originally into the cause, or had full and ample means of knowledge of it within his reach. It matters not that he or his solicitor or counsel did not understand the true value or importance of it, if they knew the facts or had ample means of knowledge; and *a fortiori* if, by the very nature and character of the matters put in issue, they were bound to search, and to make full and perfect inquiries. The authorities are very numerous and pointed to this effect."

In whatever mode relief of this character may be sought, and whether in suits at law or in equity, these old and salutary principles, which require the exercise of due care and diligence to bring to light and fully put in the evidence in the first instance, and due diligence after new evidence is discovered in making the application, are equally applicable and important, and cannot, as we believe, be broken through, without grave detriment to the administration of justice. To permit the plaintiff to proceed to a judgment, and then review it on appeal, upon the evidence as it was originally introduced, and, after that experiment, to re-examine the same witness in order to make his testimony definite and certain upon facts which were perfectly known to the witness and the plaintiff at the first trial, and retry the case upon the new state of the evidence, would be putting the case in a course of repeated litigation, against which the defendants have the right, on well-settled principles, to be protected. Whatever may be our apprehension of a particular injury in this case, we are clear that it would not afford sufficient justification for breaking through those principles, and establishing a precedent which could hardly fail to lead to general mischief.

Order affirmed.