## STATE EX REL. F. L. KLEMER AND ANOTHER v. DISTRICT COURT OF RICE COUNTY AND ANOTHER.[1]

July 21, 1916.

Nos. 19,959.—(263).

**Workmen's Compensation Act — opening judgment.**

1. Upon a sufficient showing of newly discovered evidence, a judgment awarding compensation under the Workmen's Compensation Act may be opened, and G. S. 1913, § 7786 (R. L. 1905, § 4160), relative to granting relief in certain cases within a year apply.

**Same.**

2. A sufficient showing was made in this case.

Upon the relation of the partners doing business as Klemer Brothers, this court granted its writ of *certiorari* to review the judgment of the district court for Rice county, Childress, J., in the matter of the proceedings by relators, as employers, to fix the compensation due to Hans Wester, as employee, under the Workmen's Compensation Act. Affirmed.

1 Reported in 158 N. W. 825.

Note.—Generally on the subject of Workmen's Compensation Acts, see comprehensive note in L.R.A. 1916A, 23.

*E. H. Gipson,* for relator.
*Lucius A. Smith,* for respondent.

BROWN, C. J.

The facts of the case as disclosed by the record are substantially as follows: Defendant was accidentally injured while in the employ of plaintiffs. The parties were subject to the Workmen's Compensation statute, and recognizing their liability thereunder plaintiffs, soon after the injury, commenced paying to defendant the sum of six dollars a week, and continued the same for the period of 25 weeks. No proceedings had been brought in court to compel such payments or to otherwise require plaintiffs to compensate defendant for his injuries, and plaintiffs' act in making the payments was entirely voluntary. After the expiration of the period of payment, 25 weeks, and on May 10, 1915, plaintiffs brought proceedings against defendant in the district court of Rice county in which all the parties reside, and set out in their complaint the facts just outlined, and, further, facts made the basis of a claim on their part that the injury suffered by defendant caused only a temporary partial disability from which defendant had fully recovered. The relief demanded was that the court appoint a time and place for a hearing of the matters alleged. Defendant answered, denying the allegations to the effect that he had recovered from his injury. The matter came on for trial and, after hearing the evidence presented by the respective parties, the court found as a fact that defendant had entirely recovered from his injury; but that he was entitled to recover of plaintiff certain expenses incurred in effecting his cure, and the sum of $27, the amount found due to defendant in discharge of plaintiffs' full liability under the Compensation Act. Judgment was entered accordingly on June 3, 1915. The judgment was paid and satisfied on the same day. It is conceded that the effect of the judgment and payment thereof fully discharged plaintiffs from further liability to defendant. Thereafter, on September 18, 1915, defendant, through counsel other than the attorney who acted for him in the proceeding just mentioned, moved the court for an order vacating the judgment, and for leave to present to the court newly discovered evidence to the effect that defendant had not recovered from his injury, and that an injury exists which was not discovered or known when the former trial

was had. At this point the record is very confusing, and we are not clear as to what happened to this motion. It is however not important, for on April 17, 1916, the motion appears to have been renewed, and after hearing the parties the court granted it and ordered the judgment opened to the end that defendant might offer further evidence upon the question of his recovery. On plaintiffs' application a writ of *certiorari* was issued to review that order. The questions are these:

(1) Whether the court has power, upon a sufficient showing of newly discovered evidence, to open a judgment awarding compensation.

(2) Whether, if it has such power, a sufficient showing was made.

1. It is not the contemplation of the Compensation Act that there be retrials for error as in an ordinary action. Upon the determination of the case judgment is entered. There is a right to a review of questions of law by *certiorari*. Laws 1913, p. 688, c. 467, § 30 (G. S. 1913, § 8225). The act provides that all awards not exceeding the compensation for six months' disability shall be final and not subject to readjustment and that all lump sum payments shall be final. Laws 1913, p. 687, c. 467, §§ 26, 27 (G. S. 1913, §§ 8221, 8222). The court, however, has power to open its judgments and correct or modify them upon the presentation of newly discovered evidence, when manifest wrong has been done, upon substantially the principle upon which it rests its inherent power to grant a new trial. This power need not of necessity be invoked before the lapse of the 60-day period in which a review may be sought by *certiorari*. See G. S. 1913, § 8313. The statute allowing relief within a year applies. G. S. 1913, § 7786 (R. L. 1905, § 4160). This was held in a very similar situation. Sheffield v. Mullin, 28 Minn. 251, 9 N. W. 756. We hold that a court is not powerless to hear evidence newly discovered after judgment, when there has been an excusable failure to produce it at the hearing and a wrong adjudication has resulted.

2. We reach the conclusion that a sufficient showing to support the order opening the judgment was made. It is not at all convincing; but if all that is claimed is true the injuries, which resulted in the fracture of a limb, were misapprehended and not correctly described at the trial and are more serious than disclosed. The evidence of this was discovered after the rendition of the judgment. We cannot say that there was an abuse of discretion in granting the order. Such applications, however,

should be cautiously granted. Awards such as that involved are not subject to readjustment as of right upon the application of a party. The statute negatives the right. It is natural that the injured employee should become dissatisfied with an award when the periodical payments cease or the lump sum payment is exhausted. Applications should be scrutinized closely. They cannot be granted merely because of an increase of incapacity. The application in this case might well enough have been denied. No statutory costs will be allowed.

Order affirmed.