STATE EX REL. EDWARD TINGLESTAD v. C. A. NYE
AND OTHERS.[1]

February 2, 1917.

Nos. 20,236—(304).

**Workmen's Compensation Act — award for periodical payments may be
revised, when.**

> Under the Workmen's Compensation Act (G. S. 1913, §§ 8220-8222),
> an award is subject to readjustment as an award of an amount pay-
> able periodically for more than six months when the payments vol-
> untarily paid prior to the award under a concession of liability, and
> taken into consideration in making the award, together with those
> directed to be made by the award, exceed periodical payments for such
> period, though the payments directed by the award to be made are not
> for so long a period as six months.

Upon the relation of Edward Tinglestad, this court granted its writ
of *certiorari* directed to the judges of the Seventh judicial district to re-
view the decision of Parsons, J., in a proceeding under the Workmen's
Compensation Act brought by relator, as employee, against John Laur-
itzen, as employer. Reversed.

*Leonard Eriksson,* for relator.
*Ware & Junell,* for respondents.

DIBELL, C.

*Certiorari* to review the order of the district court in a proceeding
under the Workmen's Compensation Act denying the relator's motion
to allow him to file a new complaint.

The relator was injured on October 30, 1913. He was paid on the basis
of full disability for the period of 18 weeks from November 13, 1913,
to March 19, 1914. On April 16, 1914, a summons was issued and a
complaint was served claiming total disability. On July 11, 1914, the

[1]Reported in 161 N. W. 224.

court made its findings and conclusions. It found that the relator was totally disabled from October 30, 1913, to June 11, 1914, a period of 32 weeks, and would be partially disabled from June 11, 1914, to August 20, 1914, a period of ten weeks. It found that he had been paid on the basis of total disability from November 13, 1913, to March 19, 1914, and that he was entitled to pay on the basis of total disability from March 19, 1914, to June 11, 1914, and on the basis of partial disability from June 11, 1914, to August 20, 1914. Judgment was entered on October 6, 1914, and on October 30, 1914, it was satisfied. On September 11, 1915, the relator moved for leave to file a proposed complaint, wherein he asked that the judgment be vacated and that he have an award for 300 weeks on the basis of total disability. This motion was denied and this is the order under review.

The compensation act provides that all awards of compensation, not exceeding compensation for six months' disability, shall be final and not subject to readjustment, but that the amount of any award payable periodically for more than six months may be modified. It is as follows:

"8220.—The amounts of compensation payable periodically hereunder, either by agreement of the parties, so approved by the court, or by decision of the court, may be commuted to one or more lump sum payments, except compensation due for death or permanent total disability, or for permanent partial disability resulting from the loss of an arm or a hand or a foot or a leg or an eye. These may be so commuted only with the consent of the district court.

"8221.—All settlements of compensation by agreement of the parties, and all awards of compensation made by the court, where the amount paid or to be paid in settlement or by award, does not exceed the compensation for six months' disability, shall be final and not subject to readjustment.

"8222.—All amounts paid by employer and received by the employee or his dependents, by lump sum payment, shall be final; but the amount of any award payable periodically for more than six (6) months may be modified as follows:

"(a) At any time by agreement of the parties and approved by the court.

"(b) If the parties cannot agree, then at any time after six (6)

months from the date of the award an application may be made to the court by either party on the ground of increase or decrease of incapacity due solely to the injury. In such case the same procedure shall be followed as in section 30 (8225) in case of disputed claim for compensation." G. S. 1913, §§ 8220-8222.

Whether the award made was for more than six months' disability, and therefore subject to readjustment, involves a question of difficulty. All settlements are subject to the approval of the court. G. S. 1913, § 8216. The award was not for a period as long as six months after it was made. Payments ceased within such time. In making the award the court found past disability, for which there had been a voluntary payment, and in effect approved prior payments as in satisfaction of the injury. The whole period for which voluntary payments were made and payments in accordance with the judgment were to be made exceeded six months. The compensation act is to be construed liberally in favor of the workman. We are of the opinion that in determining the six months' period the time for which payments were voluntarily made on the basis of the amount fixed by the compensation act, and under a concession of liability, which payments taken into consideration and in effect were approved in making the award, should be added to the further period for which the court directed payments to be made. There is much to be paid in support of the view that an application for a readjustment must be made within the period when payments as fixed by the award are to be made; that is, that a readjustment must be sought before the expiration of the period for which payments are directed. If this view is accepted the relator can have no relief in this proceeding. We reach the conclusion that, at least as applied to an award such as is before us, it should not be accepted. How long the right to apply for a readjustment continues after the payments under the award cease, if it does at all, is not of great present concern. Perhaps by analogy to the general limitation of the act the right would be restricted to a definite time. The application before us was made within a year of the award and the ceasing of payments under it. It should be understood that we limit our decision as to the time within which an application must be made strictly to the facts shown in the award before us. We hold that the right had not expired at the time the application was made.

We reach the conclusion that the relator was entitled to file his complaint for readjustment, have a time fixed for a hearing, and issue a summons as provided by section 30 of the act.

We find no helpful authority. The case of State v. District Court of Rice County, 134 Minn. 189, 158 N. W. 825, cited by respondent, involved an application for a new trial upon the ground of newly discovered evidence and not a right under the statute to apply for a readjustment.

Order reversed.