## STATE EX REL. CARL E. SWANINGSON v. DISTRICT COURT OF HENNEPIN COUNTY AND ANOTHER.[1]

July 9, 1920.

No. 21,798.

**Workmen's Compensation Act — rehearing.**

A settlement with an injured workman for a period of less than six months was approved by the district court within three months after the injury, without formal action brought against the employer under the compensation act. More than a year after the injury the workman applied for a rehearing and the application was heard upon conflicting affidavits. *Held*: The record was not such as to compel the trial court to grant a rehearing. [Reporter.]

Upon the relation of Carl E. Swaningson the supreme court granted its writ of certiorari directed to the district court for Hennepin county and the Honorable Charles S. Jelley, one of the judges thereof, to review the proceedings in that court in the matter of compensation for injury to relator, as employee, from Minneapolis Steel & Machinery Company, as employer. Order affirmed.

*Marshall S. Snyder*, for relator.
*Lewis Severance*, for respondent.

PER CURIAM.

The relator was in the employ of the Minneapolis Steel & Machinery Company and was injured on April 5, 1918. He settled with the company, under the Workmen's Compensation Act, and the settlement was approved by the district court on June 26, 1918, and filed. On May 29, 1919, the relator moved for an order vacating the settlement, and fixing a time and place for rehearing. He claimed fraud and something in the nature of newly discovered evidence and a disability additional to that known at the time of the settlement. The motion was heard on October 10, 1919, and was denied on November 25, 1919, and the relator appeals.

No formal action was brought against the company under the compensation act. The settlement was for a period less than six months. The application for a rehearing was more than a year after the injury. Waiving all technical questions it is clear that the motion was presented to the court and heard upon conflicting affidavits. The trial court found against the relator. Other questions aside, the record was not such as to compel the trial court to vacate the settlement and give a rehearing.

Order affirmed.

[1] Reported in 178 N. W. 1002.