## FRED RONSTADT v. C. J. MINOR AND ANOTHER.[1]

April 13, 1922.

No. 22,906.

**Workmen's Compensation Act—settlement not final—relief against order.**
   1.   The order approving a settlement in a workmen's compensation case was not final under section 8221, G. S. 1913, for the disability to be compensated was not limited to less than a six month period, nor was it final under section 8222, for there was no commutation to a lump payment, and hence the order could be relieved against for the causes provided for in section 7786, G. S. 1913.

**Vacation of order justified.**
   2.   The showing of respondent was sufficient to justify the order vacating the order approving the settlement.

Upon the relation of C. J. Minor and the General Accident Fire & Life Assurance Corporation the supreme court granted its writ of certiorari directed to the district court for Ramsey county and the Honorable Charles C. Haupt, judge thereof, to review an order setting aside an order approving a settlement made under the Workmen's Compensation Act between Fred Ronstadt, employe, and C. J. Minor, employer, and the insurer. Affirmed.
   *Sexton, Mordaunt & Kennedy* and *J. G. Pringle,* for relators.
   *Henry E. Horwitz,* for respondent.

HOLT, J.
Certiorari to review an order setting aside an order approving a settlement made under the Workmen's Compensation Act.

The settlement and petition instrument is entitled in the district court of Ramsey county and was signed by Ronstadt, the injured employe, Minor, the employer, and his insurer on November 6, 1920. It recites the facts in relation to the employment and injury, stating that total temporary disability resulted, and that Ronstadt should receive compensation from October 4, 1920, at the rate of

[1]Reported in 187 N. W. 703.

$15 per week during disability, payable weekly, for which he agreed to give proper receipts. Therein Ronstadt acknowledged being furnished with medical and surgical treatment to date as required by the act, and the employer agreed to furnish the same if necessary to the extent and in the manner provided by section 18, Part II, of said compensation act. When all payments have been made, the employer is released from all claims on account of the injury. Subjoined to this petition is a certificate by the attending physician, signed February 1, 1921, wherein it is stated that there had been an improvement and that final recovery would be complete. The certificate is in the form of questions and answers. To the question: "If any, what permanent disabilities will or may result from this injury?" the answer was: "Small cyst over sternum." February 8, 1921, the instrument was presented to a judge of the district court in Ramsey county who appended thereto an order: "That said settlement, release and petition be, and the same hereby are approved, and the parties in all things conform thereto." Upon motion duly made and heard February 4, 1922, the court made and filed, on February 7, 1922, an order vacating the order of February 8, 1921, and permitting Ronstadt to file an amended petition for compensation.

The motion to vacate the order approving the settlement was based on mistake, inadvertence and newly discovered evidence. All the parties appeared at the hearing, but the affidavits of the employe in support of his motion were not challenged or disputed. The showing made was to the effect that the injury received was from a blow on the breast which fractured three ribs; that on November 2, 1920, the attending physician took an X-Ray picture of the fracture and assured Ronstadt that there was a perfect set of the ribs; that the lump on his chest was merely a callous which would disappear, and that any pain he might have would stop and he would have no future trouble; that, in reliance upon such statements of the physician he, Ronstadt, on November 6, 1920, upon being paid $30 by the attorneys of the insurer, gave a receipt in full releasing the employer; that the lump on his chest did not disappear though he continued medical treatment, and he was compelled to undergo an operation therefor; that the wound has not healed and he is in-

formed that he must submit to another operation which will result in permanent partial disability.

The contention on the part of the employer and his insurer is that the order of February 8, 1921, was final and could not be vacated or disturbed for two reasons. It was final under section 8221, G. S. 1913, because the award did not exceed compensation for six months' disability, and it was final under section 8222 which provides that a lump sum payment shall be so considered. The contention cannot be sustained. No valid settlement can be effected, unless approved by a judge of the district court. Section 8216. A reading of the settlement petition and the order of approval clearly shows that it is neither a settlement for a disability not exceeding six months, nor a commutation of payments to a lump sum. Lump sum settlements also must be approved by a judge. Section 8220. The agreement is to pay $15 each week so long as disability continues, and there is nothing to limit payment to a six month period. The receipt for $30 is no part of the record and is not referred to either in the petition or order. We therefore conclude that the order of Judge Kelly made and filed February 8, 1921, is one against which the court may relieve under section 7786, G. S. 1913, as held in State ex rel. Klemer v. District Court of Rice County, 134 Minn. 189, 158 N. W. 825. The order approving the settlement being vacated there is no efficacy to the agreement until again submitted for approval or action by the court, and an amended petition might very properly be permitted in the proceeding.

It may be conceded that the showing for relief was not very strong, but we think it sufficient. It often happens that accidental injuries are deceptive as to consequences. What appears to be a trifling hurt that should ordinarily heal in a short period, may apparently have done so, leaving, as in this case, some abnormal tissue that subsequently develops into a more serious matter than the original injury. In these small matters the workman cannot afford to secure either independent medical or legal advice. Much must be left to the sound judicial discretion of the court when appealed to to set aside an order because of the grounds enumerated in said section 7786.

The order is affirmed.