# WILLIAM S. JOHNSON v. I. G. IVERSON AND ANOTHER.[1]

## No. 26,668.

### September 28, 1928.

**Evidence sustains findings of fraud and mutual mistake in compensation settlement.**

1. The findings of the trial court, that the settlement under the workmen's compensation act here in question was procured by fraud and also entered into under a mutual mistake as to the nature and extent of the injury, are sustained by the evidence.

**Under 1920 law settlement for injury was open to readjustment at any time after six months.**

2. Where under the law as it stood in 1920 a settlement was made by an injured employe providing for weekly payments over a period of more than six months, such settlement was open to readjustment for increase or decrease of incapacity at any time after six months from the award. There was no statute otherwise limiting the time within which such readjustment might be made.

**Period of 300 weeks allowed for payment of compensation not extensible because of temporary interruptions.**

3. The 300 weeks period for which compensation was allowed commenced one week after the injury. Such period cannot be extended by temporary interruptions during which no compensation is owing or awarded.

**Medical and hospital expenses under 1919 act.**

4. Medical and hospital expenses covering more than 90 days and amounting to more than $100 may be allowed by the court under L. 1919, c. 354.

**No prejudicial error in rulings.**

5. Rulings on evidence found not prejudicial.

### AFTER REARGUMENT.

**Medical and hospital expenses under 1919 act.**

*Held*: (1) The limitation upon power of the district court to allow for reasonable expenses for medical, surgical and hospital treatment

[1]Reported in 221 N. W. 65, 222 N. W. 508.

of injured employe was removed by the proviso in L. 1919, p. 379, c. 354, both as to time and amount.

(2) Paragraph 4 of the syllabus in Eberle case, 170 Minn. 207, 212 N. W. 190, and the sentence on page 211, second from end of the opinion, are overruled. [Reporter]

Workmen's Compensation Acts—C. J. p. 100 n. 76; p. 115 n. 32, 37; p. 132 n. 76.

Certiorari upon the relation of defendants to review an award by the district court for Houston county, Finkelnburg, J. in a proceeding under the workmen's compensation act. Modified and remanded.

*K. A. Campbell* and *W. C. Preus,* for relators.
*Duxbury & Duxbury,* for respondent.

OLSEN, C.

Certiorari to review an award of compensation by the district court under the workmen's compensation act for injury sustained by William S. Johnson, herein referred to as plaintiff. Defendants are I. G. Iverson, employer, and London Guarantee & Accident Company, insurer.

Plaintiff, a carpenter, was injured on November 20, 1920, and was totally disabled for some time. Compensation was voluntarily paid to him under the compensation law for 31½ weeks. He gradually recovered and returned to work on July 6, 1921. His recovery was not complete, but payment of compensation ceased as of July 5, 1921. A few days thereafter a settlement petition and release were presented to him for signature by the insurer. He refused to sign on the ground that he had not fully recovered. The adjuster for the insurer later again presented the settlement papers, and plaintiff again refused to sign. The papers appear to have been left with Iverson; and finally, on December 2, 1921, plaintiff signed them and accepted the check for the last instalment of compensation up to July 5, 1921. On January 10, 1922, the settlement petition was presented to the district judge and the settlement approved by the court in the usual form.

Plaintiff continued to work for Iverson and others until in January, 1925. His disability increased in October, 1924, and thereafter and in January, 1925, became such that he could no longer continue his work. On February 6, 1925, he went with his employer to La Crosse to consult Dr. Gunderson, and was examined. He was under observation and treatment from then on and entered the hospital at La Crosse in August of that year. He was operated on there September 1 and remained in the hospital until April, 1926. His condition at the time of the trial was such that he could not do work which required him to stand on his feet. He was able to walk with the aid of canes. His disability is permanent and, in the opinion of the physician, is 50 per cent of total. The doctors who examined and treated plaintiff at the time of his injury, and for some time thereafter, diagnosed the injury as traumatic neuritis, an injury to a nerve; and it is so described in the settlement petition. No one at that time discovered any fracture or injury to the vertebrae or any permanent injury. Neither plaintiff nor defendants knew at the time of the settlement that there was any such bone injury or any permanent injury.

Dr. Gunderson's diagnosis, confirmed by the operation, was that there had been a fracture and injury to three vertebrae, causing a compression and pressure on the spinal cord and a gradual growth of callous and bony substance at the place of injury, which threatened to result in complete paralysis of the lower limbs. The operation consisted in the removal of the arches of the three injured vertebrae and the removal of the bony and callous growth. This relieved the pressure and pain and prevented further paralysis, but left a weak and injured back and left plaintiff in the condition stated.

Plaintiff made a motion to vacate the settlement in August, 1926, but dismissed this motion before determination thereof. The present proceeding, under G. S. 1913, §§ 8222 and 8225, was commenced April 19, 1927.

The trial court found that at the time the settlement was made the parties were mistaken as to the nature and extent of the injury,

and did not know or believe that there was any injury or fracture of the vertebrae or injury to the spine, and did not know or believe that there was any permanent injury; in other words, that there was mutual mistake as to these matters. The court further found that the plaintiff was induced to sign the settlement petition and release by representations made to him by the defendants that said papers did not preclude him from receiving additional compensation in the event that his disability should recur, and that the papers contained a saving clause reserving to him all his rights in that regard under the compensation law; that plaintiff signed the papers in reliance upon such representations and did not know that the settlement petition and receipt contained a full release and discharge, but believed the papers contained such saving clause. The court held the settlement fraudulent.

1. That there was mutual mistake as to the extent and nature of the injury is not denied. On the question of fraudulent representations there is evidence here sufficient to sustain the finding. Schoewe v. Winona P. & G. Co. 155 Minn. 4, 191 N. W. 1009, and cases there cited; Walker v. Minn. Steel Co. 167 Minn. 475, 209 N. W. 635, and cases cited; Gabler v. Township of Bertha, 169 Minn. 413, 211 N. W. 477.

2. Defendants by their answer allege that this proceeding is barred by the time limitation stated in L. 1915, p. 285, c. 209, § 8, subd. 3, as amended by L. 1919, p. 387, c. 363, in force at the time of the accident. It provides that proceedings to obtain judgment in cases of default of the employer for 30 days to pay any compensation due under any settlement or determination shall be brought within one year after such default. There was here no such default, and the proceeding is of a different character; hence this provision cannot apply. The answer further alleges that the cause of action did not accrue within one year before the commencement of the proceeding. This has reference to the general limitation in the 1919 law, that actions or proceedings by an injured employe to determine or recover compensation must be commenced within one year after the employer has made written report of the injury to the commissioner of labor of the state. If this were an initial

proceeding to recover compensation, and written report to the commissioner of labor shown, this limitation would apply. This however is not an initial proceeding to determine and recover compensation, but a proceeding to open up a settlement and continue a compensation allowance had in due time—a proceeding to obtain additional or increased compensation in a matter commenced and carried on heretofore. The award made was not a lump sum settlement but was for weekly payments over a period of more than six months; hence the settlement was not final but was subject to readjustment and change. State ex rel. Tinglestad v. Nye, 136 Minn. 50, 161 N. W. 224; Ronstadt v. Minor, 152 Minn. 10, 187 N. W. 703. As to such settlements, G. S. 1913, § 8222, then in force, provided that at any time after six months from the date of the award application might be made to the court by either party for modification thereof on the ground of increase or decrease of disability due solely to the injury. This section is broad enough to permit application for modification of an award in a case of this nature. It is followed by § 8225, providing for the procedure. Neither section contains any time limitation except the provision noted, that application may be made at any time after six months from the date of the award.

In the cases of State ex rel. Klemer v. District Court, 134 Minn. 189, 158 N. W. 825, and Ronstadt v. Minor, 152 Minn. 10, 187 N. W. 703, the court refers to G. S. 1913, § 7786, as authorizing the relief granted. In the Klemer case the matter had been tried in the district court and a final judgment entered and paid; and in such case G. S. 1913, § 7786, providing for relief against final judgments within one year, properly applied. There was a final judgment of the district court to be vacated. In the Ronstadt case there was only the order approving a settlement petition, worded in the same language as the order here in question. The order, "that said settlement, release and petition be, and the same hereby are approved, and the parties in all things conform thereto," [152 Minn. 11] is held not final and subject to be reopened by the court. While in that case authority to vacate the order is again based upon

§ 7786, we do not find therein any statement or holding that as to such an order relief would be barred at the expiration of one year from the entry thereof. There was no final judgment and the order, as therein held, was not final. In such case we cannot hold that relief was barred unless obtained within one year after the entry of the order. The application in that case was made within the year and the reference to § 7786 was properly made, but did not constitute an adjudication that relief would be barred if not obtained within the one-year period.

In the case of State ex rel. Tinglestad v. Nye, 136 Minn. 50, 161 N. W. 224, the question of how long the right to readjustment continues is considered but not decided. It is said that perhaps by analogy to the general limitation of the act the right would be restricted to a definite time. The Klemer case, 134 Minn. 189, 158. N. W. 825, is distinguished as not controlling, but as being an application for a new trial on the ground of newly discovered evidence and not involving a right to readjustment under the compensation statute. The case of State ex rel. Swaningson v. District Court, 146 Minn. 476, 178 N. W. 1002, does not affect the question.

If there is to be a definite time fixed within which the reopening of an order approving this kind of a settlement may be applied for, such limitation should be fixed by the legislature. Finding no statute barring the application here made, and the court having, on sufficient evidence, held that the application was not barred by laches, we affirm the court's holding that the application was made in time.

3. Plaintiff was injured, as stated, on November 20, 1920. His compensation commenced November 27, 1920. Under the compensation law, his injury resulting finally in permanent partial disability, he was entitled to weekly compensation to continue during disability, not however "beyond 300 weeks." This provision is a limitation as to the time beyond which compensation shall not be paid. We have not been referred to any case in this state construing this provision as it relates to the question here presented. The 300 weeks period, counting from November 27, 1920, expired

August 26, 1926. The court allowed compensation for 268½ weeks, commencing February 1, 1925, thus extending the time far beyond the 300 weeks period. The case of Carlson v. Avery Co. 196 Ill. App. 262, is cited. In that case disability did not occur until some considerable, time after the injury. It was held that the employe might recover compensation from the time disability occurred up to the end of but not beyond the period for which compensation was allowed by the Illinois law. The precise point was not much considered however because no claim was made for allowance beyond such period. Uncertainty and confusion would result in the administration of the compensation law if it were held that temporary interruptions from time to time, during which no compensation was owing or paid, would operate to extend the period for payment of compensation beyond the 300 weeks limit.

Compensation in this case should be allowed only from February 1, 1925, to August 26, 1926, the end of the 300 weeks period.

It appears that plaintiff, for a time after he returned to work in July, 1921, received slightly reduced wages. The evidence as to the time or amount of loss on that account is so slight and uncertain that no definite finding thereon could well be made. It would be a very minor item in any event.

4. Defendants challenge the allowance for medical and hospital expenses. The law as to such allowances, found in L. 1919, p. 379, c. 354, provides for payment of not exceeding $100 for not exceeding 90 days in the first instance. It then provides that upon request of the employe, during or after the 90 days, and necessity therefor shown, the court may require medical, surgical and hospital treatment for such further time and amount as is just under the facts shown; and in case of the failure of the employer to furnish same, he shall be liable for the expense thereof. That is substantially what was done. Defendants had denied any further liability, and the court found the expenditures necessary. The law does not limit otherwise the amount that the court may allow. We hold the allowance for these expenses authorized.

5. Complaint is made as to certain rulings on the admission of evidence. Proceedings under the compensation act are not gov-

erned by strict rules of evidence, and we find nothing prejudicial in the rulings.

The case is remanded to the district court with direction to amend paragraph "(a)" of its conclusions of law so as to provide that the plaintiff is entitled to recover compensation at the rate of $15 per week for 82 weeks, being for the period from February 1, 1925, to August 26, 1926. In other respects the findings and award are affirmed.

Modified and remanded.

## AFTER REARGUMENT.

A petition for reargument was granted on November 16, 1928, and after rehearing the following opinion was filed:

PER CURIAM.

Reargument was granted of the one question whether L. 1919, p. 379, c. 354, limited to $100 for each 90-day period the amount which the district court could allow to an injured employe for medical, surgical and hospital treatment, including nursing, medicines, medical and surgical supplies, crutches and apparatus, including artificial members.

The chapter cited requires the employer to pay such of these expenses "as may reasonably be required at the time of the injury, and during the disability for not exceeding ninety (90) days and not exceeding one hundred dollars ($100.00) in value; * * * provided, however, that upon request by the employe made during or after said period of ninety (90) days and necessity being shown therefor, the court may require the above treatment, articles and supplies for the cure and relief from the effects of such injury for such further time and amount as is just under the facts shown."

At the time this act was passed, and at the time of the accident here in question, compensation cases were conducted in the district court. The industrial commission had not been established. The 1919 law was an amendment of the prior law. L. 1913, p. 675, c. 467, § 18, contained the limitation of 90 days and $100, except

that the court might during said period of 90 days make an additional allowance, which together with any sum already paid for that purpose should not exceed in all $200. By L. 1915, p. 285, c. 209, § 7, the prior law was amended by providing that the court might within 100 days after the injury require the employer to furnish additional medical, surgical and hospital treatment and supplies *during said period of 90 days,* which together with any sums theretofore furnished for that purpose should not exceed in all $200. Then follows the amendment of 1919, worded as before stated. Prior to 1919 the allowance which the court could make was limited both as to time and amount, but even at that time the allowance for the first 90-day period, as made by the court, might amount to $200. The effect of the 1919 amendment was to remove the limitation of $200, and also to remove the time limitation so that such expenses incurred after the 90-day period could be allowed. While the limitation as to $100 for the first 90-day period was retained in the 1919 law, that limitation quite clearly applied only to what the employer should furnish without any order of the court. The law was again amended in 1923 so as to place no limitation upon the amount to be allowed, except the necessity and reasonableness thereof.

In view of the history of the legislation, the reasonable construction to be placed upon the proviso in the 1919 law is that thereby the limitation upon the power of the court to allow for these expenses was removed both as to time and amount.

Counsel cite and rely upon the case of Eberle v. Miller, 170 Minn. 207, 212 N. W. 190. The statement in that case, that "the amount for which the employer is liable is clearly fixed by the statute at not to exceed the rate of $100 for each 90 days," may be considered as overruled.

Under the present law the question is not likely to again arise.

Former opinion adhered to.