ROBERT L. HARMON, APPELLEE, V. J. H. WIESE COMPANY ET AL., APPELLANTS.

FILED APRIL 24, 1931. No. 27837.

*Hall, Cline & Williams,* for appellants.

*Kinsinger & Ogden* and *H. C. Henderson, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

DEAN, J.

The J. H. Wiese Company and the Ocean Accident &. Guarantee Corporation, Ltd., its insurer, defendants herein, have joined in an appeal from a judgment of the district court for Lancaster county wherein Robert L. Harmon, plaintiff, obtained additional compensation on account of personal injuries which he sustained on June 15,. 1925, while he was in the employ of the Wiese company in wrecking and removing the old capitol building from the site of the present capitol building.

The trial court, upon reexamination, awarded plaintiff $742 as additional compensation for total disability from December 4, 1929, to December 10, 1930, and also allowed plaintiff $154 for necessary medical expenses incurred by him. The defendants were also ordered to pay plaintiff $14 each week for a period of 178 weeks from and after December 10, 1930, and, in addition thereto, the court decreed that plaintiff should, from thence, receive $9.45 each week from the defendants for and during the remainder of his life. The defendants were ordered to pay for such medical and hospital services as plaintiff's condition should require in the future by reason of his disability.

The plaintiff, after the accident, was awarded compensation for 16 weeks and, at a later period, on account of the serious nature of his injuries, he was awarded $14 a. week additional compensation for a period beginning October 11, 1928, and ending April 18, 1929. The defendants were also ordered to pay the plaintiff $3.50 each week for six months thereafter, and to pay the sum of $357.45 for certain necessary medical and hospital bills incurred. by the plaintiff as a result of his injuries.

In section 48-141, Comp. St. 1929, it is provided:

"All settlements by agreement of the parties with the approval of the compensation commissioner and all awards of compensation made by the court, except those amounts. payable periodically, for six months or more, shall be final. and not subject to readjustment."

Section 48-142, Comp. St. 1929, so far as material here, provides:

"All amounts paid by an employer or by an insurance company carrying such risk, as the case may be, and received by the employee or his dependents, by lump sum payments, shall be final, but the amount of any agreement or award payable periodically for more then six months may be modified as follows: (a) At any time by agreement of the parties with the approval of the compensation commissioner. (b) If the parties cannot agree, then at any time after six months from the date of the agreement or award, an application may be made by either party on the ground of increase or decrease of incapacity due solely to the injury."

Defendants contend that the award of compensation covering the period from October 11, 1928, to April 18, 1929, was final and not subject to modification on appeal, from the fact that the award did not provide that the compensation should be "payable periodically for more than six months," as provided in section 48-142, above cited. Under the provisions of section 48-142, the right to modification of an award of compensation does not depend alone on the future periodical payments. Such an award is subject to modification if the award covers a period of more than six months, a part of which has elapsed at the time the award is made. We do not think the modification provided for in section 48-142, as applicable to the facts in the present case, is limited to a judgment awarding compensation periodically for more than six months, but it appears to us that such section is to be construed with section 48-141, wherein provision is made for the modification of awards of compensation payable periodically for six months or more. *State v. Nye,* 136 Minn. 50. We have held that the employers' liability act should be so construed that technical refinements of interpretation will not be permitted to defeat it. *Parson v. Murphy,* 101 Neb. 542, L. R. A. 1918F, 479; *Baade v. Omaha Flour Mills Co.,* 118 Neb. 445.

Upon an examination of the evidence, we conclude that it clearly sustains the contention of the plaintiff that he has suffered increased permanent disability as an out-

growth of the injuries incurred while he was employed by the Wiese company. The evidence shows that the plaintiff, under the guidance and assistance of the social welfare society and the state department of vocational education, has unsuccessfully engaged in comparatively light occupations, but they appeared to be beyond his physical capacity to perform.

Plaintiff contends that the court erred in refusing to allow an attorney's fee. Under section 48-125, Comp. St. 1929, provision is made for the allowance of attorney's fees on appeals from awards of the compensation commissioner. We do not think the court erred in holding that the plaintiff was not entitled to attorney's fees in the modification proceeding for services in the district court. But, upon appeal to this court, the defendants not having reduced the amount of the modified award, the plaintiff is entitled to an attorney's fee of $200 for services in this court. It is therefore ordered that $200 be allowed as a reasonable attorney's fee for plaintiff's counsel. In all other respects the judgment is

AFFIRMED.